Argued January 7, affirmed January 19, 1915.

## BURGGRAF v. BROCHA.

(145 Pac. 639.)

**Exchange of Property—Rescission—Fraud—Evidence.**

1. In an action to recover the value of land, traded for other land title to which failed, plaintiff may give in evidence a pretended abstract of defendants' title, given him by them, not as evidence of title, but to prove defendants' lack of title to land in question; such abstract, as against the defendants, being *prima facie* proof of that fact.

> [As to when, how and by whom rescission of contract may be made, see note in 50 Am. Dec. 672.]

**Exchange of property—Rescission—Evidence.**

2. Where, in an action to recover value of land, traded for other land, title to which has failed, evidence of the value of the property conveyed to defendants in exchange for theirs is competent.

**Evidence—Admissions.**

3. In a suit for value of land, traded for other land to which title had failed, the declaration of defendants that plaintiff should have traded off the land before investigating the title was competent, as tending to show that he had no faith in his own title to land.

**Dismissal and Nonsuit—Parties—Misjoinder of Parties.**

4. Misjoinder of defendants can be taken advantage of only by those misjoined, and is not fatal to the complaint, and not ground for a nonsuit.

**Parties—Misjoinder—Waiver of Defect.**

5. A defect of parties in the complaint is waived, if objection is not raised by demurrer.

**Damages—Pleading—Allegations of Damage.**

6. Where the facts alleged in the complaint necesssarily involve damage, no specific allegation to that effect is necessary.

**Exchange of property—Rescission—Pleading—Allegation of Fraud.**

7. Where, in an action for the value of land, traded for other land, title to which had failed, the complaint charged that the defendants

represented that they owned their land and had good title thereto, when in fact they did not, a clear case of fraud, at least constructive fraud, is made out.

    [As to right of grantor to cancellation of deed on ground of misrepresentation by grantee as to condition, value, etc., of property, see note in Ann. Cas. 1912A, 405.]

**Injunction—Motion to Dissolve.**

    8.  Where plaintiff sues to recover the value of land, exchanged for land to which the defendants had no title, a motion to dissolve a retraining order, in the nature of an injunction, prohibiting the defendants from disposing of the land in question, was improperly denied, since the suit is at law, while injunction is an equitable remedy.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.  Statement by MR. JUSTICE EAKIN.

This is an action by John Burggraf against Molly Brocha and G. F. Brocha, to recover the value of land traded to defendants for property in Michigan to which defendants had no title. Plaintiff and defendants entered into an agreement for the exchange of lands. Plaintiff conveyed to defendants lot 1, in block 24, Tinker's Second Addition to Long Beach, and lots 3 and 4, in block 5, Tinker's North Addition to Long Beach, Washington, in exchange for the southeast quarter of section 12, township 18 north, range 5 west, in Clara County, State of Michigan, and six lots in Ocosta, Washington. Said lots of plaintiff were encumbered by a mortgage in the sum of $2,000. Defendants executed a deed to plaintiff for said southeast quarter of section 12, township 18 north, range 5 west, and represented to plaintiff that they were the owners and had good title to said land in Michigan. At the time of the trade defendants delivered to plaintiff a pretended abstract of title; but plaintiff alleges that the land in Michigan did not belong to defendants, and he sued to recover $6,000, the alleged value of his land so conveyed to defendants.

At the commencement of the action plaintiff obtained a restraining order to enjoin defendants from selling or disposing of any real property which they might own until the determination of the action now pending. The case was tried before the court without a jury, and resulted in a judgment for the plaintiff in the sum of $5,000, from which the defendants appealed.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. W. E. Critchlow.*

For respondent there was a brief over the names of *Mr. John J. Fitzgerald, Mr. S. M. Johnson* and *Mr. Beemer S. Pague,* with oral arguments by *Mr. Fitzgerald* and *Mr. Johnson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first assignment of error is as to the receiving in evidence of Plaintiff's Exhibit 2, an abstract. Plaintiff testified as to the signing of the agreement, which provides, among other things:

"The party of the second part [G. F. Brocha], in consideration of the premises, agrees to exchange to the said party of the first part [Burggraf] the following described property for the above-described property as follows: The southeast quarter of section 12, township 18 north, of range 5 west, situated in Clare County, state of Michigan—to be free of encumbrance except as to taxes of 1912, which party of the first part agrees to assume, * * to give abstract on the Michigan property, and a certificate on the Washington lots."

At the same time they made to the plaintiff an affidavit to the effect that G. F. Brocha is the owner of

the property described, namely, the southeast quarter of section 12, township 18 north, of range 5 West, as a part of the basis of the trade. Defendants furnished to plaintiff a pretended abstract of title, and plaintiff thereupon offered in evidence the said alleged abstract, to which defendants objected on the ground that it was incompetent. The court overruled the objection, and it was received in evidence. The abstract was not offered as evidence of the title, but plaintiff was seeking to prove that defendants did not have title to the land: See *Jaeger* v. *Harr,* 62 Or. 16 (123 Pac. 61, 901). And as against defendants the exhibit was *prima facie* evidence of that fact.

2. Assignments Nos. 2, 3, 4, 6 and 7 relate to the overruling of objections to the offer of evidence tending to show the value of plaintiff's property conveyed to defendants in exchange for the Michigan property. One of the main issues tendered was that plaintiff's property was worth $6,000, the amount he seeks to recover. The prayer for judgment is based thereon, and it was competent testimony.

3. The fifth assignment of error relates to what defendant G. F. Brocha said to a witness as to his title to the Michigan land. The answer particularly shows the relevancy of the question. When he was spoken to about it, Brocha said, "Why didn't he trade it off before he investigated it [the title]?" which was clearly competent, as tending to show that he had no confidence in his title.

4–7. The eighth assignment is as to the denying of the motion for nonsuit, which is based on several grounds. The first reason given is that the plaintiff did not allege that the Michigan property did not belong to defendants; but that is the charge of subdivision 4 of the complaint. The second point relates

to the misjoinder of defendants, which is a defect that no one can take advantage of except the persons misjoined. It is not fatal to the complaint: *Tieman* v. *Sachs,* 52 Or. 560 (98 Pac. 163). Even a defect of parties is wavied, if not raised by demurrer: See Section 68, L. O. L., and cases there cited. The fourth argument concerns the allegation of damages, but the facts alleged show damage, and that is all that is required. The fifth subdivision is as to the failure to allege the elements of fraud. It is specifically charged that defendants represented that they owned the Michigan land, and had good title, when in fact they did not own it—a clear case of fraud, constructive, at least, if not criminal.

8. An injunction was allowed at the commencement of this action; but an injunction is an equitable remedy, and is not available in law actions. We think that upon the showing made and the case pending plaintiff was not entitled to the injunction, and the court erred in denying the motion to dissolve it. The injunction is hereby dissolved.

We find no error in the record. The judgment is affirmed.                         AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.

MR. JUSTICE McBRIDE took no part in the consideration of this case.