IN THE

# SUPREME COURT

OF

# OREGON.

Submitted on briefs December 8, 1921, affirmed January 24, 1922.

## HELGESON v. NORTHWESTERN TRUST COMPANY.

(203 Pac. 586.)

**Vendor and Purchaser—Inspection of Land Precludes Reliance on Representations as to Character and Accessibility.**

1. A purchaser of land, who visited it and had an opportunity to judge of its qualities and productivity, as well as its nearness to market, highway, and railroads, cannot rescind his contract to purchase for fraudulent misrepresentations in those respects.

**Frauds, Statute of—Reformation of Contract not Granted, Where Description Does not Comply With Statute of Frauds.**

2. Courts will not reform a contract for the sale of land, where the description is too indefinite to comply with the statute; but such contract will be treated as an oral contract, enforceable neither in law nor in equity.

**Frauds, Statute of—Purchaser cannot Recover Payment on Oral Contract Which Vendor was Ready to Perform.**

3. Where the vendor has performed his part of an oral contract to sell land, or is ready and willing to perform, the purchaser cannot recover the purchase money paid.

**Vendor and Purchaser—Breach of Agreement to Build Road Held to Entitle Purchaser to Rescind.**

4. Where the vendor in an oral contract for the sale of land promised to build a road to the lands within two months, and the land was practically valueless without such road, the vendor is not

---

1. On effect of inspection or opportunity to inspect on vendee's right to rely on representations by vendor as to quality or condition of soil, see note in L. R. A. 1917C, 273.

2. Effect of statute of frauds upon power of equity to reform contracts on ground of fraud, accident or mistake, see notes in 3 Ann. Cas. 781; 18 Ann. Cas. 919.

ready and willing to perform his contract, so as to be entitled to retain the purchase money paid, unless he has built the road as well as tendered conveyance.

**Appeal and Error—Defendant, Who Asked Equitable Relief, cannot First Contend on Appeal That Suit Should have Been at Law.**

5.   Where defendant in a suit in equity to rescind a contract for the purchase of land made no objection by demurrer or otherwise that plaintiff's remedy should have been by action at law, but instead answered, and asked for equitable relief, an objection on appeal that the remedy was by action at law comes too late.

From Multnomah: F. M. CALKINS, Judge.

In Banc.

This is a suit to rescind an alleged contract for the purchase of real property. The complaint alleges that the defendants caused to be published in various newspapers the following false and fraudulent advertisement:

"Snap.

40 acres at $25 an acre.

Terms.

Road is now being built to the 66 Tracts.

Located between two best markets in Oregon and two highways. Green grass all year. Crop failures unknown. Virgin soil; close to live town; work plentiful. Top wages. One very choice tract left.

F. K. STEARNS,

202 Wilcox Bldg.,

Main 3517                    Evenings, Brdway, 1940."

It is also alleged that defendants made the following false representations:

"That on and prior to the said 29th day of April, 1919, the said defendants, Northwestern Trust Company, and especially its said agent, the defendant F. K. Stearns, for the purpose of inducing plaintiff to enter into the said above stated writing for the purchase of the said parcel of real property, and especially to secure said $500 from the plaintiff, and with the intent of deceiving and defrauding plaintiff, made

to the plaintiff certain false and fraudulent representations of material facts regarding the character, quality, location and soil of said real property, and road to be built to said property, in the following particulars: That the said defendants, and especially said Stearns, at said time and prior to entering into said agreement, represented and stated to plaintiff that green grass grew all the year on the said land, making the same especially desirable for dairying, and that within two months from the said date, to wit: April 29th, 1919, a road would be built and completed to the said land so that the plaintiff would have access to said land from the county road some distance away. That defendants further represented that there was living water on said premises and deep soil on said premises; that said premises were close to a live town and close between two highways, soon to be paved, and close to rail and auto transportation, and that said land was cheap at the price of $25 and far below the actual market value of the land there selling in that vicinity.''

Concerning the falsity of the representations, the plaintiff says:

''That the said representations above set forth, made to plaintiff by the said defendants, Northwestern Trust Company, and by said Stearns as aforesaid, were and are false in the following particulars, to wit: That in truth and in fact, green grass does not and never did grow upon said land all the year; that in truth and in fact, the said land is covered with snow from one to four feet deep during most of the winter months of each year, and is extremely full of ferns; that more than six months have elapsed since the said statement and representation was made as to the road being built to the said land, and more than six months have elapsed since such written contract was executed, and no road has been built as so stated and represented, and no attempt has been made by the said defendants, or any one else, to build such road. That in fact said premises are not close to a live town,

but that they are in fact distant seven miles from the town of Clatskanie, the nearest town. That said premises are not close between two highways soon to be paved or to be paved at all; but that said premises are now situated seven miles from any railroad or proposed railroad; that the said premises are distant at least two miles from any proposed highway, and they are now inaccessible to any road whatever and cannot be reached by means of any road. That the plaintiff herein is a stranger to that part of the country and to Oregon generally, and was and is unacquainted therewith and conditions surrounding said land, and relied upon the said representations of the said defendants and each of them. That said defendants represented that said premises were distant only three miles from Clatskanie. That without such road, said premises are wholly worthless. That said land is not worth $25 per acre, but that land of similar nature is sold at a price of not to exceed $5 per acre, and that $5 per acre was and is above the market price of said land. That plaintiff did not know the value of said land, nor the market value of said land, but relied on the defendants' representations of the actual value of said land and of its market value, and believed that it was cheap at the price of $25 per acre and that it was fit for dairy purposes."

It is alleged that by reason of said representations, and relying thereon, plaintiff was induced to sign an application for the purchase of a tract of forty acres, which application is as follows:

"Northwestern Trust Company (Inc.)
"Phones: Main 7964    A–7340
"Home Builders
"Second Floor, Wilcox Bldg.,
"Sixth and Washington Sts.,
"Portland, Oregon.
"Owners.
"Bell View, Finavon, Brickley, Norwalk Heights, Harvard Heights, Princeton Park, Rosemead Park, Wilburton, Riverside Garden Tracts.

"Application is hereby made by Henry Helgeson, address, Dayton, to purchase of Northwestern Trust Company (selling agents), Lot NW. ¼ NE. ¼ T. 7 R. 5 W, price $1000. With this application, $500, $250, to be made 1st day of January. Balance drawing 6% interest—$250 1st January, 1921.

"Upon examination, if desired, applicant may exchange for any unsold lot of same price, and amount paid hereon will be applied toward purchase thereof.

"This application is made subject to prior sale, in which event money paid hereon will be refunded.

"Received thereon, $500.

"NORTHWESTERN TRUST COMPANY,
"By F. K. STEARNS, Agent.

"Date Apr. 29, 1919.

"HENRY HELGESON, Applicant.

"Issued subject to approval by Northwestern Trust Company.

"Give this to Applicant."

The plaintiff charges that this application does not describe any land, but on the date thereof defendant Stearns purported to show plaintiff land supposed to be described in the application, but whether or not the same was such land plaintiff has no knowledge; and that on April 29, 1919, plaintiff paid to defendants $500 as an initial payment on said application. The complaint fully sets forth the reliance of plaintiff upon the alleged false representations and avers that plaintiff has never taken possession of said land, alleging a seasonable demand on the part of plaintiff that defendants build the road as agreed, the neglect and refusal of defendants to build the same, notice by plaintiff of his election to rescind the application, and a demand for the return of the $500 paid.

The defendants answered, denying any false representations, admitting that they do not own the land offered by them to plaintiff, but alleging that it was

owned by the Portland Improvement Company and that the defendant Northwestern Trust Company was acting as selling agent for said company. Defendants say that the description of the land applied for by plaintiff was accidentally omitted from the application, and set forth in the answer a correct description, with a prayer .that the application be reformed accordingly. It is denied that plaintiff relied upon any representations made by defendants, and it is alleged that before signing the application he visited the tract and made an investigation, was familiar with its character and capabilities and purchased on his own judgment. The pleadings are too lengthy to be even summarized here.

The case came on for trial and the Circuit Court held that there was no intentional fraud practiced on plaintiff, but as the application described no land and was within the statute of frauds it amounted merely to an oral contract which was not enforceable by either party, and therefore plaintiff was entitled to have the application canceled and his money refunded. There was a decree to this effect, and defendant Stearns appeals.        ˙Affirmed.

For appellant there was a brief over the name of *Messrs. Joseph, Haney & Littlefield.*

For respondent there was a brief over the names of *Messrs. Huston & Meacham* and *Mr. B. A. Kliks.*

McBRIDE, J.—1. The plaintiff, to judge by his testimony, is rather an ignorant and credulous man and no doubt gave too much credit to the somewhat extravagant "puffing" indulged in by defendants' agent. But he visited the land and so far as physical conditions were concerned had an opportu-

nity to judge of the qualities and productivity of the tract he was negotiating for, as well as its nearness to market, highway and railroads. These matters may therefore be put aside as not in themselves furnishing any ground for rescission or for a recovery of the money paid by plaintiff.

2, 3. It is well settled that courts will not reform a contract for the sale of land where the description is too indefinite to comply with the statute of frauds. So we have here the case of a payment of money upon a contract which is enforceable neither in law nor in equity. Conceding for the purposes of this decision that there is any contract at all, it is a purely oral agreement and as such void under the statute of frauds. But where the vendor in such an oral contract has performed his part or is ready and willing to perform his part of it, the vendee cannot recover the money he has paid: Clark on Contracts, Chap. 12, p. 642, and cases there cited.

4. In this case the oral contract was to pay $1,000 for forty acres of land to which a road was to be completed within two months. The agreement to build the road within the time specified was just as much a part of the contract as the agreement to convey the land. For the purpose for which plaintiff intended to use the property, it was practically valueless without a road by which he could get to it. Nobody would have bought the land and taken upon himself the building of so expensive a road as will be required here. By the oral contract, then, defendants bound themselves to do two things: First, to build a road to the premises within two months; and second, to convey the land to plaintiff upon the payment of the last installment of the purchase price, on January 1, 1921.

Before the payment of the second installment, which was due January 1, 1920, defendants defaulted by failing to build the road, and the plaintiff rescinded and demanded a return of the $500 he had already paid. This is stating the alleged oral contract quite as strongly in favor of defendants as the testimony warrants. The statement that a road was to be built within two months, was no more a mere promise to do something in the future, than the promise, if there was one, that defendants would convey the land when the purchase price had been paid. The plaintiff was buying and paying not only for the land but for land which the defendants agreed should be accommodated with a road within two months, a valuable appurtenance to an otherwise comparatively worthless tract of brush and stumps. Up to June, 1920, when this case was tried, defendants had not built a road, and to compel plaintiff to lose the money he has already paid, or to require him to pay the other installments and await the pleasure of defendants as to building the road they agreed to build within two months from April 29, 1919, would be grossly unjust.

5. An objection is urged that equity has no jurisdiction in this case and that plaintiff's remedy should have been an action for money had and received. No demurrer or other objection of this character was raised in the Circuit Court, where the defendants answered and asked for equitable relief for themselves. The objection comes too late.

Owing to the conclusion here reached as to the result of the default of defendants, in failing to construct a road to the premises, we omit a discussion of other points raised both upon the pleadings and in the testimony.

The decree of the Circuit Court is affirmed.

AFFIRMED.