Argued February 1, reversed and remanded February 7, petition
for rehearing denied April 11, 1950

## BARTHOLOMEW v. BASON

214 P. (2d) 352

*Bryan Goodenough* and *Allan G. Carson,* both of Salem, argued the cause and filed briefs for appellant.

*Norman K. Winslow,* of Salem, argued the cause and filed a brief for respondent.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN, and LATOURETTE, Justices.

## LATOURETTE, J.

This is a suit by the appellant-purchaser for specific performance of a written contract for the purchase of land and abatement of purchase price on that portion of the land contracted for but unowned by the seller. The parties entered into a contract for the sale of certain lots in the city of Salem and also the "South half of what was formerly Franc Street," the same being described by metes and bounds. The purchase price agreed upon was $6,500.00, $1,000.00 being the down payment and the balance to be paid as follows: $4,000.00 upon acceptance of title and $1,500.00 when mortgage executed to Esther Gilmour was satisfied of record. Seller agreed to furnish either title insurance or abstract of title and to convey the property by a warranty deed. The purchaser took possession of the property.

It was found later when the title report was issued that the seller did not own the South half of Franc

street and that it had not been vacated, hence this suit.

The seller in her answer admits that she cannot make good title to said South half of Franc street and seeks rescission of the contract on the ground of mutual mistake. The lower court held for her and charged against the purchaser rental for the property for the period of time occupied by him in the sum equal to the $1,000.00 down payment.

■ As we view the record, there was no mistake on the part of the purchaser whatsoever. The mistake, if any, was on the part of the seller, owner of the land. There is no evidence in the record that the purchaser ever knew of the land deficiency until the title company raised the question. In fact, when he was shown the premises by the seller prior to the sale, a fence marking the north boundary of the premises included the street. He acted in good faith and signed the contract he intended to sign and is entitled to his bargain; and if he wants to take less in quantity than agreed upon, that is his privilege under the facts in this case, and the abatement of price follows if the value of such omitted land can be ascertained with reasonable certainty. *Van Horn Construction Corp. v. Joy,* 186 Or. 473, 207 P. (2d) 157.

■ We think that the value of the strip in question can be so determined from the evidence in the case. There are no improvements on the strip in question excepting a few fruit trees and an old shed. On the lots, where there is no title dispute, there are a dwelling house and other improvements. Consequently, it would not be equitable to abate the price ratably to the reduction in area. The value of the omitted strip would therefore be the proper measure of abatement.

■ There were a number of witnesses who testified as to the value of said strip, their estimates ranging between $375.00 and $1,050.00. Mr. Alvin, an appraiser of the State Land Board and a witness for the seller, estimated the value of this strip at $750.00. This figure appeals to us, and we fix the value of said strip at that price.

The case will be reversed and remanded with instructions to enter a decree in conformity with this opinion, with costs and disbursements to appellant.