Argued December 1, 1970, reversed and remanded June 10, 1971

ANDERSEN, *Appellant, v.* WACO SCAFFOLD
& EQUIPMENT CO., INC., *Respondent.*

485 P2d 1091

Department 1.

ALFRED T. SULMONETTI, Judge.

*Warde H. Erwin,* Portland, argued the cause for appellant. On the briefs were Erwin & Gilbert.

*David Dardano,* Portland, argued the cause for respondent. On the briefs were Dardano & Mowry and John A. Pickard.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

McALLISTER, J.

This is an action at law in which plaintiff sought to recover rentals for various items of construction equipment. The trial court heard the case without a jury and entered judgment for defendant. Plaintiff appeals.

On January 15, 1964, plaintiff and defendant entered a written agreement in which defendant was granted an "exclusive franchise" to sell or rent to others certain scaffolding equipment owned by plain-

tiff.[1] The agreement provided that defendant was to receive as commission fifty percent of the rentals realized. The agreement further provided that it would be "non-cancellable for a period of 3 years from the date hereof and may be renewed from time to time, provided that the parties mutually agree to such renewal."

The parties' dealings during the three-year term of the agreement were without incident or dispute. During most of this period, the equipment was kept on defendant's premises when it was not rented out to defendant's customers, and was commingled with identical equipment owned by defendant. Although for a time plaintiff prepared monthly billings, during the latter part of the three-year period defendant prepared the monthly accountings of amounts due plaintiff after deducting commissions, and plaintiff accepted payment according to defendant's figures.

When the agreement expired in January, 1967, it was not renewed, but the parties continued to operate on the same terms without incident until some time in August of 1967. During that month Arlan Andersen, plaintiff's general manager, called defendant's offices and requested that certain items of plaintiff's equipment be returned. He testified that he was told that all of the equipment was rented out to others and could not be returned. Andersen further testified that based on that information he began in September to send

---

[1] The parties to the written agreement were defendant and Andersen-Westfall Co. Plaintiff, H. A. Andersen doing business as A & W Equipment, has contended that he was not a party to the contract. However, there is evidence that Andersen-Westfall Co. simply changed its name to A & W Equipment. The trial court found as a fact that plaintiff was a party to the contract. Since that finding is binding on us, we shall make no distinction between the two firms.

defendant monthly billings with the notation "Rent continues on all items not in our yard." There is evidence that he informed defendant, during the telephone conversation, of his intention to charge for equipment unless it were returned.

Defendant began returning equipment to plaintiff in October and from time to time made payments based on its own accounting of what was due plaintiff. Defendant's bookkeeper testified that she computed rentals due plaintiff on the basis of the time the equipment was rented to others and was producing revenue. By the end of March all of the equipment had been returned to plaintiff, but the amounts defendant had paid were less than the amounts billed by plaintiff. The parties held a meeting at which they attempted to resolve their differences. As a result of this meeting, they agreed to adjust some of the rental rates, but there was no agreement on the periods of time for which various items should be billed.

The trial court made findings of fact which plaintiff admits are factually accurate.[2] Based on

---

[2]

"(1) That defendant is an Oregon corporation engaged in the rental of scaffold and shoring equipment.

"(2) That subsequent to January 15, 1964, defendant had in its possession some scaffolding equipment owned by the plaintiff pursuant to a contract between the parties dated January 15, 1964.

"(3) That the equipment owned by the plaintiff was identical to, and co-mingled with, the equipment owned by the defendant.

"(4) That from time to time defendant rented to third parties equipment of the type owned by the plaintiff and the defendant.

"(5) That commencing February, 1964, and continuously, and each month, thereafter, defendant sent to plaintiff an itemized accounting and payment, which defendant computed to be due the plaintiff for the use of plaintiff's equipment.

those findings the court ruled that plaintiff was entitled to payment only for items which had been rented out to others, and not for any equipment which was in defendant's inventory and not producing revenue. He appointed an accountant to examine defendant's records and determine the amount due. The accountant reported that, because of the commingling of the equipment, it was impossible to determine from defendant's records whether equipment rented to others at any particular time had belonged to plaintiff or to defendant, and that the amount due on the basis of the trial court's ruling could not be determined. The trial court thereupon ruled that plaintiff had not sustained his burden of proof.

Plaintiff's assignments of error challenged the findings of the court and our review therefore is limited to determining whether the findings dispose of all material issues in the case and whether they support a judgment for the defendant. *Gordon Creek Tree Farms v. Layne et al*, 230 Or 204, 235, 358 P2d 1062, 368 P2d 737 (1962); *Larsen v. Martin,* 172 Or 605, 143 P2d 239 (1943); *Maeder Steel Products Co. v. Zanello,* 109 Or 562, 575, 220 P 155 (1924).

---

"(6) That from January, 1964 through August, 1967, plaintiff neither sent a statement to the defendant, nor objected to the accounting rendered plaintiff by the defendant, but commencing September of 1967, plaintiff sent monthly statements to the defendant for rental of plaintiff's equipment in defendant's possession for a period commencing August, 1967 and subsequent thereto.

"(7) That from September, 1967 forward, defendant did not change defendant's accounting system to the plaintiff.

"(8) That commencing September, 1967, defendant, from time to time, returned equipment to the plaintiff and at the time of filing of plaintiff's Complaint, defendant had fully returned equipment of like kind, quality and number owned by the plaintiff and previously in defendant's possession."

We find no support in the findings of fact for the trial court's conclusion that plaintiff was not entitled to collect rental for the equipment while it was in defendant's inventory and not producing revenue. That conclusion must be based on the assumption that throughout the period involved in this dispute the contract remained in force between the parties. There is, however, no finding to that effect.

1. Defendant contends that the contract remained in effect because the parties had continued to abide by its terms after the expiration of the original agreement in January. However, this fact does not of itself establish a renewal of the contract. *Korody Marine Corp. v. Minerals & Chemicals Philipp Corp.*, 300 F2d 124 (2d Cir 1962); *Hopedale Machine Co. v. Entwistle*, 133 Mass 443 (1882); 17A CJS 561, Contracts § 449. The contract itself provided for renewal only by mutual agreement; there is no evidence that the parties ever agreed to extend their contract for another non-cancelable period. At most, the evidence indicates an informal continuation under the terms of the contract; since no new agreement with a specific duration was reached, the relationship between the parties was terminable at the will of either. See *Duff v. P. T. Allen Lumber Co.*, 310 Ky 439, 220 SW2d 981, 983 (1949); *Dutton v. Brook Mays & Co.*, 152 So 602, 603, reheard 155 So 471 (La App 1934); *Sawman Oil Co. v. Bush*, 136 SW2d 938, 940 (Tex Civ App 1940).

There is evidence from which the trial court could have found that plaintiff terminated the agreement either during the August telephone conversation or by the notations on the billings which followed. We think a determination of this issue was necessary to a decision in the case. Arlan Andersen testified

repeatedly that some time in August he asked for the return of some of plaintiff's equipment and was told it was not available. In response to questions by the court he testified:

"When I called, 'I want this equipment. I have a customer for it,' they said, 'We can't return any of it to you, we have it all committed and on the job.'

"This was the last I knew what my inventory was. I started billing and billing reflects credits as they returned equipment to me.

"THE COURT: Suppose it was committed but the equipment wasn't to be delivered for another month or two months?

"THE WITNESS: Then I would be able to use it. In fact, I begged they give me some of my equipment back that I could use for a short period, I had places where it could go. I wasn't allowed to have that come back, it was on jobs.

"They were able to stop rental on this equipment any time they returned it to our yard. It wasn't a matter of this stuff being out here and on our—any time they brought it back, it was credited and rental stopped."

This conversation was admitted by defendant's general manager, Mr. Sigler, and by defendant's bookkeeper, who testified that the relationship between the two companies

"* * * got all fouled up when Arlan wanted some equipment of his we couldn't give him and he said, 'I am not getting paid for the use of this equipment. So, consequently, I am going to start billing for it.' "

Plaintiff did start billing in September. The bills stated that rental was being charged on all equipment which had not been returned to plaintiff, and

defendant did in fact begin returning the equipment shortly after this billing began.

2. The trial court, in view of this evidence, should have determined whether plaintiff gave defendant notice of termination of the existing arrangement and, if so, when that notice was given. Once the termination was effective, plaintiff was entitled to have his equipment returned or to charge rental for it.

3. When the trial court, sitting without a jury, fails to make adequate findings, it is within our discretion to remand the case for the necessary findings or to order a new trial. *Farris et al v. Pendleton et ux,* 204 Or 530, 537, 281 P2d 972, 284 P2d 362 (1955). See, also, *Tully v. Tully,* 213 Or 124, 322 P2d 1085 (1958). In the present case we see no need to order a new trial.[9] Witnesses for both parties testified to the circumstances bearing on the issue of termination. The parties have agreed on the appropriate rental rates for each type of equipment involved in the dispute, and there is evidence from which the trial court can determine, if necessary, when each item was returned to plaintiff. The record appears to contain all the evidence necessary to a final determination of the issues.

The judgment of the trial court is vacated and the case is remanded with directions to make further findings of fact as specified in this opinion and to enter judgment accordingly.

---

[9] Plaintiff has assigned as error the manner in which the trial court conducted the trial, claiming that it was done in a manner which prevented a fair determination of the issues. We have examined the transcript and are convinced that this assignment of error is entirely without merit.