Submitted December 19, 1973, reversed and
remanded May 23, 1974

BRISCOE, *Respondent, v.* PITTMAN ET AL,
*Appellants.*

522 P2d 886

Walter D. Nunley and Allen D. Drescher, Medford, filed a brief for appellants.

Holmes, James and Clinkinbeard, Medford, for respondent.

HOLMAN, J.

Plaintiff brought what purported to be a suit seeking to abate part of the purchase price of real property because of fraud by the sellers. Plaintiff was successful and defendants appealed. Plaintiff has made no appearance in this court.

Defendants' principal contention is that neither the complaint nor the findings of the trial court justify a decree for plaintiff. The complaint alleges, after setting forth the agreement for purchase and sale, as follows:

> "At the time of entering into said agreement and immediately prior thereto, the defendants represented to the plaintiff that said real property contained 13.42 acres. Defendant knew said representation was false or recklessly made without knowledge of its truth or falsity.

> "Said representation was material to plaintiff and, in reliance thereon, plaintiff entered into said written agreement.

> "After taking possession of said real property, plaintiff has discovered that it contains only 10.6 acres.

> "WHEREFORE plaintiff prays * * *."

The findings of fact made by the trial court paralleled the complaint.

■ ■ A purchaser under an executed contract of sale who has taken possession and who claims to have been defrauded has two kinds of relief available to him: an action for damages or a suit to rescind. *Karn et ux v. Pidcock et ux,* 225 Or 406, 410, 411, 357 P2d 509 (1961). Despite the fact that this case was tried as a suit in equity without objection, it is a simple action for damages for fraud. Unless coupled with a request for genuine equitable relief, the mere request for an abatement of the purchase price is insufficient to bring a case within equitable cognizance. An abatement of the purchase price in a situation such as the present one is merely a means of awarding damages.

■ In an action for fraud an intent to deceive is a material issue and a necessary element. *Musgrave et ux v. Lucas et ux.,* 193 Or 401, 410, 238 P2d 780 (1951); *Conzelmann v. N. W. P. & D. Prod. Co.,* 190 Or 332, 350, 225 P2d 757 (1950). There was no allegation in the complaint that defendants intended to deceive plaintiff nor was there any such finding by the court. Had the only fault been the failure to allege an intent to deceive, in the absence of a demurrer and after judgment we would probably be inclined to overlook the deficiency in the complaint since there could really be no doubt in the defendants' mind concerning the nature of plaintiff's cause of action.

■ However, where special findings have been made, we cannot assume a non-existent factual finding which is a material issue to recovery. To sustain a judgment based upon the trial court's findings, it must appear that the findings support the judgment on all

material issues. *Andersen v. Waco Scaffold & Equip.,* 259 Or 100, 104, 485 P2d 1091 (1971); *Mullennex v. Draper,* 220 Or 1, 3, 347 P2d 990 (1960); *Larsen v. Martin,* 172 Or 605, 610-11, 143 P2d 239 (1943). Because the trial judge elected to make special findings and because he did not make a finding on all material factual issues necessary to a recovery, the judgment must be reversed.

██ The opinion of the Chief Justice would assume a finding by the trial judge of an intent to deceive because the trial judge found that the defendants knowingly or recklessly made a false material statement. Admittedly, a finding of an intent to deceive can be made, not by this court, but, by the trial court from evidence that a false material statement was knowingly or recklessly made. However, though such an inference *can* be drawn from such facts, it does *not have to be drawn.* Under our cases, as a material issue, the findings of fact must show that such an inference was drawn by making a finding of an intent to deceive. As demonstrated by *Larsen v. Martin, supra,* findings of fact must reflect the ultimate facts and not the evidence from which such ultimate facts can be drawn. If it were permissible for this court to infer that the trial judge intended to make a finding on a material issue which he did not say he made and which does not *necessarily* follow from other findings, special findings of fact would be valueless and the statutory provision for them would be useless.

Justice DENECKE's dissenting opinion would change the law of fraud of 100 years' standing in this state. The present law seems to have worked satisfactorily.

█ It does not necessarily follow, however, that the case should be dismissed. In *State v. O'Malley,* 248

Or 601, 435 P2d 812 (1968), a contempt proceeding, the trial court found the alleged contemnor in contempt, but failed to make a finding that his failure to do as required was willful. After citing *Larsen v. Martin, supra,* to the effect that where the finding of the court was ambiguous it was proper to remand the case to the trial court for entry of new findings, we said, as follows:

> "Whether contemnor's failure to appear was willful was the principal issue in the proceeding and no finding was made thereon. Certainly the sum total of the record results in ambiguity. A finding, one way or the other, should have been made. The judgment of the trial court is reversed and the matter is remanded for the purpose of entering a finding on whether contemnor's failure to appear was willful. If contemnor's failure is found to be willful, a new judgment of guilt and sentence should be entered; if not, the proceeding should be dismissed." 248 Or at 610.

In the present case the sum total of the record resulted in ambiguity. The court failed to make a finding one way or the other on whether the defendants had an intent to defraud, yet it found for plaintiff in a fraud case. The judgment of the trial court must be reversed and the case remanded for the purpose of entering a finding on whether defendants intended to defraud plaintiff. If a finding is made that defendants did intend to defraud plaintiff, a new conclusion of law and judgment should be entered in favor of plaintiff. If a finding is made that defendants did not intend to defraud, the case should be dismissed with prejudice.

 The defendants also contend that the complaint and the findings of fact are deficient because they do not allege the plaintiff's ignorance of the falsity

of the statement concerning the amount of the acreage and the plaintiff's right to rely thereon, all as required by *Musgrave* and *Conzelmann.* The two above-cited cases list nine requirements to sustain fraud, but they unduly fractionalize the essential elements. As an illustration, it is unnecessary to allege or find the hearer's ignorance of the falsity of a statement if it is alleged and found that the hearer relied upon it, because ignorance of the falsity of the statement *is necessary* to reliance. Also, while an allegation or finding of reliance is an allegation or finding of fact, whether or not a person *has a right* to rely is a conclusion which the law draws from facts and is not an allegation or finding of fact. Defendants also contend there was no allegation or finding of damages. Where the other facts alleged or found *necessarily* demonstrate damages, that is all that is required. *Burggraf v. Brocha,* 74 Or 381, 145 P 639 (1915). Unless three acres of land are worthless, which cannot be the case, the complaint and findings meet the requirement of *Burggraf.*

■ The defendants contend that they were and are entitled to a jury trial because the case was at law and not in equity. Defendants waived a jury trial when they failed to demur or to object otherwise. *Winkleman v. Ore.-Wash. Plywood Co.,* 240 Or 1, 9, 399 P2d 402 (1965); *Flaherty v. Bookhultz et al,* 207 Or 462, 472, 291 P2d 221, 297 P2d 856 (1956); *Topolos v. Skotheim et al,* 126 Or 683, 693, 250 P 235, 270 P 753 (1928); *Helgeson v. Northwestern Trust Co.,* 103 Or 1, 8, 203 P 586 (1922).

■ The defendants also contend the trial court erred in awarding plaintiff $500 attorney fees. The trial judge looked upon the action as one upon the parties' contract of sale and, therefore, allowed attor-

ney fees. As we have previously indicated, this is nothing but a garden variety action for fraud. No attorney fees should have been allowed.

The case is reversed and remanded for further proceedings in conformance herewith.

O'CONNELL, C. J., dissenting.

It appears that the majority would treat the complaint as sufficient in spite of the fact that it failed to allege expressly defendant's intent to deceive. I assume that this concession is made because the intent to deceive can be inferred from the making of a material representation, knowing that it is false or with a reckless disregard as to whether it was true or false.

The findings of fact recite substantially the same facts as those alleged in the complaint. I would, therefore, treat the findings of fact as including a finding of an intent to deceive by drawing the same inference as that which is drawn to uphold the complaint.

DENECKE, J., dissenting.

The majority is correct; we have stated, with many other courts, that one of the elements that the plaintiff must prove in a fraud action is, "That they [the statements] were made with intent to defraud." *Rolfes v. Russel,* 5 Or 400, 402 (1875). I have found no decision of this court, however, in which a plaintiff lost although he had proved all the other elements of fraud except the intent to deceive.

In my opinion, the plaintiff should not have to prove such specific intent, and, further, the finder of fact must necessarily infer such an intent when the other elements of fraud are proved. In this case the

trial court found, and such findings were supported by the evidence, that the defendant made a misrepresentation which either defendants knew was false or made recklessly without knowledge of its truth or falsity, that such misrepresentation was material and the plaintiff relied upon it. In my opinion, this is sufficient to entitle the plaintiff to damages:

> "Some courts have gone very far in consequence of the doctrine that a guilty state of mind is a necessary element in order to make the defendant liable. The trend of the decisions is to the contrary.
>
> "* * * * *.
>
> "If conscious dishonesty on the part of the defendant is a necessary element of tort or misrepresentation, these decisions [decisions that the defendant must have a guilty state of mind] are right, but they represent a distinctly lower standard of morality and justice than the contrary decisions. Moreover, the standard which they adopt is very difficult to apply.
>
> "A defendant who is charged with false representations, and who can escape by making out that his intentions were honest although his words naturally understood were false, will rarely fail to testify to his own honesty of intention. The issue thus raised of the defendant's state of mind is difficult to try, and attempts at its decision are quite as likely to promote perjury as justice." 12 Williston, Contracts (3d ed) 474, § 1513.

Massachusetts is one of several jurisdictions which hold: "If a statement of fact which is susceptible of actual knowledge is made as of one's own knowledge and is false, it may be the basis for an action of deceit without proof of an actual intent to deceive. * * *." *Pietrazak v. McDermott,* 341 Mass 107, 167 NE2d 166, 168 (1960).

I would affirm.