Argued June 3, reversed and remanded October 23, 1975

BAUSCH ET UX, *Appellants, v.* MYERS ET AL,
*Respondents.*

541 P2d 817

*Edward M. Murphy*, Roseburg, argued the cause for appellants. With him on the briefs were Stults, Murphy & Anderson, Roseburg.

*Peter H. Nilsen*, Roseburg, argued the cause for respondents. With him on the brief were Geddes, Walton & Richmond, Roseburg.

DENECKE, J.

This is an action to recover damages for misrepresentation involved in the sale of a 53-acre ranch in Douglas County. The case was tried before a court sitting without a jury. The trial court found for the defendants and plaintiffs appeal.

Walter Davis owned a ranch on which he lived for many years. He listed the farm for sale with a broker. He informed the broker that the ranch had as an appurtenance the right to take water from the adjoining stream to irrigate 27 acres. The broker included this information in the listing agreement.

The plaintiffs were interested in buying a small irrigated ranch. They went to the broker and the broker showed them his listings, including the ranch of Walter Davis. Plaintiffs noted the statement that the ranch had water rights to irrigate 27 acres. The broker told plaintiffs that these rights were "early rights" as they dated back to 1950. Such rights are preferable because when the necessity arises to curtail the use of water the "early rights" are the last to be curtailed.

---

Holman, J., did not participate in this decision.

The plaintiffs inspected the ranch in May when irrigation was not necessary. They never talked to Walter Davis; however, they made an offer through the broker to buy. In the meantime, Walter Davis died and the offer was accepted in June 1967 by Robert Davis, one of the defendants and the personal representative of Walter Davis.

In 1972 plaintiffs received notice from the State Engineer that a hearing was to be held to consider whether the water rights appurtenant to the ranch should be cancelled for nonuse. A hearing was held and the State Engineer found there was a nonuse of a major portion of the water rights during the period 1962-1966, inclusive. The State Engineer cancelled the water rights for 20.4 acres and acknowledged the rights for the remaining acreage.

The plaintiffs subsequently secured new water rights for the ranch. Being "late rights," the water would be subject to curtailment much sooner than if plaintiffs' rights dated from 1950.

The trial court found Walter Davis had made a representation to plaintiffs that he had 27 acres of water rights. However, as we interpret the trial court's memorandum it further found that Walter Davis acted by mistake rather than intentionally or recklessly. The evidence fully supported the trial court's finding that Walter Davis represented that he had 27 acres of water rights.

Plaintiffs alleged that in making the representation of water rights Walter Davis "recklessly failed to advise the plaintiffs" he had failed to exercise his rights and that they were subject to forfeiture.[1]

[1] At oral argument, plaintiffs' counsel was asked whether the plaintiffs could have maintained a suit in equity for the abatement of the purchase price because of the misrepresenta-

■ We have repeatedly held that a plaintiff has proved fraud if plaintiff has proved that the misrepresentation was made recklessly without knowledge of its truth or falsity. The proof in a fraud action must be by clear and convincing evidence. Under the usual state of the evidence, whether there is clear and convincing evidence that the person making the representation acted recklessly without knowledge of the truth of the statement is a question of fact. In this instance, however, the circumstances are unusual and we conclude that the plaintiffs proved recklessness as a matter of law.

ORS 540.610 provides, in part:

"(1) Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state. Whenever the owner of a perfected and developed water right ceases or fails to use the water appropriated for a period of five successive years, the right to use shall cease, and the failure to use shall be conclusively presumed to be an abandonment of water right. Thereafter the w a t e r which was the subject of use under such water right shall revert to the public and become again the subject of appropriation in the manner provided by law, subject to existing priorities."

---

tion. This would have been similar to a suit for rescission and would only have required the plaintiff to prove an innocent misrepresentation. Counsel replied that in light of Briscoe v. Pittman, 268 Or 604, 522 P2d 886 (1974), he did not believe an equitable proceeding was possible and, therefore, he tried the case as a law action.

Plaintiffs correctly interpreted Briscoe v. Pittman, supra (268 Or 604). Upon further examination, however, we have serious doubt whether we were correct in making that statement in Briscoe.

This court has allowed an abatement of the purchase price in suits for specific performance. Van Horn Construction Corp. v. Joy, 186 Or 473, 207 P2d 157 (1949); Bartholomew v. Bason, 188 Or 550, 214 P2d 352 (1950); Caveny v. Asheim, 202 Or 195, 274 P2d 281 (1954).

This has been the law since at least 1913. Oregon Laws 1913, ch 279.

In 1950 Walter Davis applied for and received his water rights pursuant to the statutory scheme of which the above-quoted statute is part.

■ Urbanites might not know that water rights are conclusively presumed abandoned for failure to use for five successive years. This law, however, is common knowledge among all in Oregon who are dependent upon an adequate supply of water for irrigation. We believe it is equally well known that five years of nonuse is a conclusive abandonment whether proceedings before the State Engineer are brought immediately after the five years of nonuse or 10 or 15 years later. For an example, see *Withers v. Reed,* 194 Or 541, 243 P2d 283 (1952).

Walter Davis knew he was not using the water. The evidence was that in 1961 or 1962 Davis disposed of his pump and irrigation equipment with which he irrigated the 27 acres.

The evidence conclusively establishes that Walter Davis did not use the water for more than five years and the long standing law is that this conclusively works an abandonment and loss of the water right. Under these circumstances we hold the plaintiffs established that Davis acted recklessly as a matter of

---

In Hilburn v. Brodhead, 79 NM 460, 444 P2d 971 (1968), the New Mexico Supreme Court in an equity suit stated:

"* * * Even though only partial rescission was sought and granted, we perceive that a court of equity has power to meet the problem presented, and to fashion a proper remedy to accomplish a just and proper result * * *." 79 NM at 464.

The court granted plaintiff's request and allowed a partial abatement of the purchase price.

We are not resolving the issue in this opinion, however, because the issue was not presented before either the trial court or this court.

law in representing that he had water rights for 27 acres.

Reversed and remanded to determine plaintiffs' damages.