Argued July 8, affirmed as modified September 3, 1976

# HALFORD, *Respondent and Cross-Appellant,*
## *v.*
# SIMPSON et ux, *Appellants.*

553 P2d 1055

*Larry O. Gildea,* of Gildea & McGavic, P.C., Eugene, argues the cause and filed briefs for appellants.

*Thomas W. Kolberg,* of Long, Neuner, Dole, Caley & Kolberg, Roseburg, argued the cause and filed a brief for respondent and cross-appellant.

Before Denecke, Chief Justice, and O'Connell, Tongue and Bryson, Justices.

O'CONNELL, J.

## O'CONNELL, J.

This is a suit brought by the buyer against the seller for specific performance of an agreement for the sale of land, or in the alternative, for rescission of the agreement with compensation for improvements made by plaintiff. Defendants appeal from a decree granting specific performance as prayed for in plaintiff's complaint.

Plaintiff and defendants entered into an earnest money agreement for the sale of a parcel of land at a total purchase price of $5,850. It was agreed that a land sale contract would be drafted later to memorialize the agreement of the parties. The contract was drafted and was signed by defendants. Preparatory to signing the contract, plaintiff examined the description of the property and discovered that the parcel contained only 4.6 acres instead of 6.5 acres which plaintiff contended had been agreed upon as the acreage which was to be sold. Although there is conflicting testimony, the more convincing evidence supports plaintiff's contention that defendant Kearney Simpson represented that there were 6.5 acres in the parcel and that the number of acres was understood by the parties as being a significant element in the bargain.

Having discovered the deficiency in the acreage, plaintiff did not sign the contract and called defendant, Kearney Simpson, reporting the discrepancy. Simpson refused to correct the description, whereupon plaintiff filed this suit.

The evidence supports the conclusion that the parties had consummated a contract for the sale of 6.5 acres of land at a purchase price of $5,850. Defendants contend that the earnest money agreement permitted either party to withdraw from the transaction before the final documents were signed. Defendants rely upon the following clauses in the Earnest Money Agreement:

"In the event that the Buyers shall not comply with the terms above mentioned within 30 days from date of notification from Escrow Company that papers are ready,

then said earnest money shall be forfeited to Sellers, less cost of cancellation of title report, minimum escrow fee and attorney's fees, which shall be held by the Escrow Company.

"In the event title to the above described property is not insurable or marketable, or cannot be made so within 30 days after receipt of same by Escrow Company, said earnest money shall be refunded to Buyers and Sellers shall pay the Escrow Company the cost of cancellation of title report, minimum escrow fee and attorney's fees, if any.

"In the event title is insurable but Sellers refuse to sign papers, Sellers shall be liable for cost of cancellation of title report, minimum escrow fee and attorney's fees, if any, and shall sign a release to have Buyers' earnest money refunded to them, or the same may be automatically refunded after 30 days notice that papers are ready."

Assuming that the Earnest Money Agreement is given the construction urged by defendants, there was evidence that the parties went forward with the transaction to the point where it was agreed that plaintiff could take possession of the property. Plaintiff took possession in reliance upon this oral modification of the agreement. We do not think it reasonable to assume that when the transaction had ripened to this point either party was to have the right to withdraw at will. We conclude, therefore, that plaintiff was entitled to specific performance as prayed for in his complaint, which sought enforcement of the contract for the conveyance of 6.5 acres upon the payment of $5,850 or, in the alternative, by a conveyance of 4.6 acres with an abatement of the purchase price equal to the shortage of acreage. The decree of the trial court granted relief in this form and in this respect the decree is affirmed.[1]

The decree of the trial court also awarded plaintiff

---

[1] As we noted in *Bausch v. Myers,* 273 Or 376, 541 P2d 817, 818-19, n. 1 (1975): "'This court has allowed an abatement of the purchase price in suits for specific performance" citing "*Van Horn Construction Corp. v. Joy,* 186 Or 473, 207 P2d 157 (1949); *Bartholomew v. Bason,* 188 Or 550, 214 P2d 352 (1950); *Caveny v. Asheim,* 202 Or 195, 274 P2d 281 (1954)." To the extent that *Briscoe v. Pittman,* 268 Or 604, 522 P2d 886 (1974) expresses a contrary view, it is overruled.

attorney's fees in the amount of $1,200. Defendants attack this award on several grounds. First, it is contended that plaintiff's complaint contains no allegation of attorney's fees and that even if it did, the earnest money agreement which the court ordered specifically enforced did not include an agreement to pay attorney's fees arising out of litigation. It is further argued that although the contract of sale included an agreement to pay such fees, it never became binding upon either party.

We reluctantly conclude that defendants' contentions are sound. Plaintiff's right to recover attorney's fees must rest upon a contract for their payment. There is no evidence that there was an oral agreement to this effect. The earnest money agreement does not purport to provide for the recovery of attorney's fees except upon permissible withdrawal by the respective parties. The contract of sale expressly provides for the recovery of attorney's fees, but at trial plaintiff did not seek to specifically enforce that contract.[2] It could be argued that the presence of a provision in the contract for attorney's fees is the basis for implying that the parties orally agreed to such a provision prior to preparation of the contract, but we think that this would be implying too much. There being no evidence of an agreement to pay attorney's fees, the decree of the trial court must be modified to eliminate the provision in the decree for their recovery.

Affirmed as modified.

---

[2] The pleadings upon which the case was tried did not put specific performance of the land sale contract in issue. Although plaintiff's second amended complaint originally contained an allegation that the land sale contract embodied the oral agreement of the parties, this language was stricken on defendants' motion.