Argued and submitted February 23, reversed and remanded December 23, 1987, reconsideration denied March 25, petition for review denied April 18, 1988 (305 Or 576)

# HANSEN,
*Appellant,*

v.

# WESTERN HOME INSURANCE COMPANY,
*Respondent.*

## (A8502-01088; CA A39493)

747 P2d 1007

Lee Aronson, Portland, argued the cause for appellant. With him on the briefs were Martin Jaqua and Holmes, DeFrancq & Schulte, P.C., Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were John W. Buehler and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant Western Home Insurance Company[1] in her action for damages for breach of contract and fraud. She assigns as error the court's dismissal of her claims for failure to state sufficient ultimate facts. ORCP 21A(8). We reverse.

We take as true the facts as plaintiff alleged them. In October, 1978, she asked Cameron, defendant's agent, to procure homeowner's insurance for her with coverage of at least $3,500 for her jewelry and $45,000 for unscheduled personal property, including silverware. Cameron told her that he was an experienced insurance agent and that defendant had authorized him to act as its agent and advised plaintiff to procure insurance from it. In November, 1978, Cameron told plaintiff that he had procured insurance from defendant and that it covered her jewelry and silverware for the amounts that she had requested. There was an oral binder between defendant and plaintiff for the requested coverage.

Subsequently, plaintiff received a written policy from defendant. She renewed the policy every year, and Cameron assured her at each renewal that the coverage was unchanged.[2] Plaintiff did not plead that she had ever read the policy. On July 6, 1984, jewelry and silverware were stolen from her home. She reported the loss to Cameron, who told her that her policy covered the loss. On July 10, 1984, however, plaintiff learned that the policy only covered $500 for jewelry and $1,000 for silverware.

Plaintiff assigns as error that the court dismissed her breach of contract claim.[3] She asserts that defendant's omis-

---

[1] Plaintiff's complaint also names Donald A. Cameron, dba Donald A. Cameron Agency, as a defendant. The court did not dismiss the separate claims against Cameron. The judgment complies with ORCP 67B. We refer to defendant Western Home Insurance Company as "defendant."

[2] Although plaintiff initially received a written policy which was renewed in each of the following five years, the pleadings do not show, and defendant does not argue, that it modified the terms of the original policy or notified plaintiff of a proposed renewal policy with altered terms. See OAR 836-85-025.

[3] Plaintiff separately assigns as error the court's dismissal of the fourth claim of her first amended complaint and the fifth claim of her second amended complaint. Both claims are for breach of contract. As did the parties, we address both assignments as one.

sion from the written policy of the same coverage as under the binder is contrary to ORS 743.075(2) and that under ORS 743.069 the policy must, as a matter of law, be construed to contain that coverage. ORS 743.075(2) provides, in part:

> "[W]ithin 90 days after issue of a binder a policy shall be issued in lieu thereof, including within its terms the identical insurance bound under the binder and the premium therefor."

ORS 743.069 provides:

> "(1) A policy in violation of the Insurance Code, but otherwise binding on the insurer, shall be held valid, but shall be construed as provided in the Insurance Code.

> "(2) Any insurance policy issued and otherwise valid which contains any condition, omission or provision not in compliance with the Insurance Code, shall not be thereby rendered invalid but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy been in full compliance with the Insurance Code."

Defendant first argues that plaintiff's interpretation of ORS 743.075(2) and ORS 743.069 is incorrect. It asserts that ORS 743.075(2) does not "prescribe any express language" to be included in an insurance policy but is "merely a directive promoting consistency between binders and policies." Defendant also contends that, under ORS 743.075(2), the terms of a binder expire after 90 days and that, therefore, plaintiff can only recover under the written policy. Defendant next argues that the legislature enacted ORS 743.069 as a "savings clause" and that the statute can only supply missing terms in an insurance policy if a rule or statute mandates that a policy contain specified terms. Further, defendant argues that ORS 743.069 and ORS 743.075(2) together do not create a private claim for plaintiff and that only the Insurance Commissioner has the power to enforce a remedy for a violation of ORS 743.075(2).

■ "Shall" is generally construed as mandatory. *Associated Oregon Veterans v. DVA,* 70 Or App 70, 74, 688 P2d 431 (1984), *rev den* 298 Or 470 (1985). None of the language of ORS 743.075 suggests that the word should be given any other meaning. We hold that ORS 743.075(2) requires an insurer to issue a written policy within 90 days after issuance of a binder

and that the policy include the identical coverage of the binder.

Relying on *Farley v. United Pacific Ins. Co.*, 269 Or 549, 525 P2d 1003 (1974), defendant argues that ORS 743.075(2) operates to invalidate the oral binder once a written policy is issued and delivered. In *Farley*, the court interpreted *former* ORS 743.075(2), which provided:

> "No binder shall be valid beyond the issuance of the policy with respect to which it was given, or beyond 90 days from its effective date, whichever period is shorter."

The court stated that the legislature enacted *former* ORS 743.075(2) to deal with situations where an insured claims that the coverage under a binder is greater than under the written policy. It held that the language of the statute invalidated the binder after 90 days and limited the insured's recovery to the written policy. 269 Or at 555.

■  After *Farley* was decided, the legislature materially amended ORS 743.075(2). Or Laws 1975, ch 391 § 1. It still applies to situations where coverage under a binder exceeds that stated in the policy. ORS 743.075(2), as amended, however, does not invalidate a binder after 90 days, but puts an affirmative obligation on the insurer to provide a policy within 90 days that conforms to the binder. It places the burden of compliance on the insurer to avoid a lapse in coverage for risks against which the insured obtained a binder. Defendant's argument respecting ORS 743.069 is contrary to the plain language of the statute, which requires that the policy be construed to contain the coverage which defendant omitted in the policy but agreed to in the binder.

■  The Insurance Code does not provide a specific sanction for violation of ORS 743.075(2) or require that it be enforced in a particular manner.[4] Defendant argues that only

---

[4] There are no cases construing ORS 743.069 in conjunction with ORS 743.075(2). Both parties refer us to *Cambron v. North-West Ins. Co.*, 70 Or App 51, 687 P2d 1132 (1984), *rev den* 298 Or 470 (1985), where the policy omitted a term stating that it would terminate at 12:01 a.m. on the final effective date, as ORS 743.609 requires. We held that, under ORS 743.069, the policy had to be construed to contain the omitted term. Defendant urges that the rule in *Cambron* should not apply, unless the written policy lacks express language that the code requires. ORS 743.069(2), however, covers any failure to meet mandatory requirements of the Insurance Code, and nothing in *Cambron* suggests otherwise.

the Insurance Commissioner can impose a sanction for a violation of that statute. Defendant relies on ORS 731.256(1):

> "The commissioner may institute such actions or other lawful proceedings as the commissioner may deem necessary for the enforcement of any provision of the Insurance Code or any order or action made or taken by him in pursuance of law."

ORS 731.256(1), however, does not place sole responsibility for enforcement of the code on the commissioner. It states that the commissioner *may* institute an action; it does not state that a private party may not. Moreover, the legislature enacted the code to protect the insurance buying public, ORS 731.008, and directed that it be liberally construed to effect that purpose. ORS 731.016. Plaintiff may maintain this action.

■ Defendant also argues that, under *Avemco Ins. Co. v. Hill,* 76 Or App 185, 708 P2d 640 (1985), plaintiff is limited to a claim for reformation. In *Avemco,* however, we held that "[i]f the coverage under the binders did not conform to the contracting parties' intent, plaintiff's proper remedy was reformation" of the binders. 76 Or App at 189. Because we construe the policy to contain the coverage agreed to under the binder, plaintiff does not need to reform the policy to maintain an action for breach of contract.

■ Defendant also contends that plaintiff should be bound by the terms of the policy. It cites *Knappenberger v. Cascade Ins. Co.,* 259 Or 392, 487 P2d 80 (1971), where the plaintiff, at the request of her insurer, had signed an endorsement deleting coverage of her son as an insured under the family policy. The court held:

> "Where one is asked to sign an instrument which has no purpose other than to memorialize some kind of an agreement between the parties, he is bound by the instrument he signs in the absence of evidence showing that he was misled or that there were other circumstances excusing him from scrutinizing the instrument. It is no defense to show that he did not read the instrument he signed." 259 Or at 399.

Here, however, the policy must be construed to conform to the binder, whether or not plaintiff read the policy.

■ Plaintiff also assigns as error the court's dismissal of her fraud claim. In her second amended complaint, she alleged

that Cameron was an agent for defendant acting within the scope of his authority,[5] that she relied on representations that he made as defendant's authorized agent and that she suffered injury as a result of her reliance. Defendant contends that the allegations do not show that she had a right to rely on Cameron's misrepresentations. It asserts that she had a duty to read the policy. Although the right to rely is an element of a fraud claim, it is a conclusion of law, *Briscoe v. Pittman,* 268 Or 604, 610, 522 P2d 886 (1974), *overruled on other grounds, Halford v. Simpson,* 276 Or 107, 110 n 1, 553 P2d 1055 (1976), and not an ultimate fact to be pleaded. *Mountain Fir Lbr. Co. v. EBI Co.,* 296 Or 639, 646, 679 P2d 296 (1984). As pleaded, plaintiff had asked Cameron to procure specified amounts of insurance for her. He represented that, with defendant's authorization, he had done so. He was an experienced insurance agent. She was ignorant of the truth. The relationship between her and Cameron was not that of strangers dealing at arm's length.[6]

Although plaintiff did not plead that she had read the policy, she has pleaded enough. She alleges that Cameron reported that he had procured from defendant the insurance that she wanted. She had a right to rely on Cameron's representation that he had obeyed her instructions.[7]

Reversed and remanded.

---

[5] *See Seiders v. Hefner,* 89 Or App 55, 747 P2d 1003 (1987).

[6] Defendant relies on *Coy v. Starling,* 53 Or App 76, 630 P2d 1323, *rev den* 291 Or 662 (1981). *Coy,* however, involves parties to a real estate transaction, dealing at arm's length.

[7] Alternatively, plaintiff argues that defendant is estopped to deny the coverage which Cameron represented that her policy provided. Defendant responds that plaintiff cannot argue estoppel, because she did not plead it. Plaintiff rejoins that she need only allege facts sufficient to constitute an estoppel. Because of our disposition of this case, we do not need to consider plaintiff's estoppel argument, but leave that issue open on remand.