Argued December 18, 1958, affirmed January 14, 1959

# DEHARPPORT, dba CITY REALTY CO. *v.* GREEN

333 P. 2d 900

*Donald C. Walker,* Portland, argued the cause for appellant. On the brief were Crum, Walker & Buss, Portland.

*Frank A. Bauman,* Portland, argued the cause for respondent. On the brief were Veatch, Bauman & Veatch, Portland and Dent & Patterson, The Dalles.

Before PERRY,* Chief Justice, and LUSK, WARNER and SLOAN, Justices.

PERRY, J.

The plaintiff brought this action to recover a real estate commission. A jury trial was waived by the parties and the issue submitted to the trial court. The trial court made findings of fact and conclusions of law which resulted in the entry of a judgment in favor of the defendant. From this judgment the plaintiff appeals.

The plaintiff is a duly licensed real estate broker. On October 23, 1953, the defendant executed and delivered to the plaintiff a real estate listing agreement. This agreement employed the plaintiff for a contingent consideration to find a purchaser ready and willing to purchase defendant's property for the cash sum of $37,000, the listing agreement to expire at midnight December 23, 1953.

While this agreement was in effect, the plaintiff secured an offer from one George Mumford to purchase the property at the agreed price of $37,000, to be paid in cash. This offer was accompanied by a

---

* Chief Justice when case was argued.

payment of $2,000 as earnest money. The defendant rejected the offer.

The sole issue presented to this court is whether or not there was substantial evidence to support the trial court's findings of fact.

The trial court made the following finding of fact:

"That the evidence of plaintiff regarding ability of the buyer, Mumford, was insufficient to establish same."

The plaintiff duly objected to this finding and proposed a finding of fact that the buyer was financially able to perform. The plaintiff's proposed finding of fact was rejected by the court.

██ It has long been established that a real estate broker before he can recover a commission from his principal must establish his performance of the contract. This he may do, as was sought to be established in this case, by furnishing his employer with a binding contract executed by an intended buyer who has the ability to perform the agreement on the terms authorized by the vendor. *Anderson v. Wallowa National Bank,* 100 Or 679, 198 P 560; *Taylor v. Peterson,* 76 Or 77, 147 P 520; *York v. Nash,* 42 Or 321, 71 P 59.

█ To recover his commission, it was, therefore, incumbent upon the plaintiff to establish the ability of the proposed purchaser, Mr. Mumford, to meet the requirement of the listing agreement to pay in cash the seller's price.

There is very little evidence in the record upon this issue of fact. It is inferable that plaintiff's purchaser did not himself have the cash moneys, for Mr. Mumford testified he had made arrangements to obtain the cash sum of $37,000. The manner of obtaining the

moneys is not at all clear, but from other testimony it may be inferred this was to be accomplished through some undisclosed mortgage broker.

In *Catlin v. Jones*, 52 Or 337, 97 P 546, we pointed out that it is not necessary that a purchaser for cash have the money in his pocket to show his ability to purchase when suing for the breach of a contract of sale. All we need show is that he had available cash funds to perform his obligation.

■ In this case, we have no showing whatsoever of the purchaser's ability to produce the cash moneys. At most, the evidence shows he may have been able to obtain the moneys in some manner from third parties who were in no way bound to produce the cash.

Ability to purchase is not shown when a proposed purchaser is depending upon third parties who are in nowise shown to be bound or willing to be bound to furnish the money for the purpose of making the purchase. *Mattingly v. Pennie*, 105 Cal 514, 39 P 200; see, also, Note, 1 ALR 528.

We must agree with the finding of the trial court. Since this finding alone denies plaintiff a right of recovery, it is unnecessary for us to consider whether or not the evidence supports the other findings of the trial court.

Judgment affirmed.