Argued January 8, affirmed February 13, 1964

## JEFFERSON POTATO COMPANY *v.*
## PARKER ET AL

389 P. 2d 342

*Burton J. Fallgren,* Portland, argued the cause and filed a brief for appellant.

*Frederic D. Canning,* Portland, argued the cause for respondents. On the brief were Gerald R. Pullen, Hershiser, McMenamin, Blyth & Jones, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

PER CURIAM.

This was an action to recover for damages to plaintiff's truck alleged to have been caused by defendants' negligence. Trial was had to the court. The court found that there was no evidence of any negligence on the part of defendants and entered judgment accordingly. Plaintiff appeals.

On the night of March 9, 1960, defendant J. B. Parker attempted to drive an automobile owned by defendant W. A. Parker over the Santiam Pass from Salem to Bend. Some place near the summit the car was stalled by snow. After attempting to extricate the car, defendant left the car unattended on the left side of the highway. He left the parking lights burning. Sometime thereafter, plaintiff's truck and trailer, operated by an employee, attempted to pass the car. The trailer jacknifed and collided with the car. Various acts of negligence were charged against defendant.

■ Plaintiff's first assignment claims that the court erred when plaintiff was denied the right to amend his complaint immediately before trial. The court did not abuse its discretion. *Baker v. Brookmead Dairy, Inc. et al,* 1962, 230 Or 384, 370 P2d 235.

■■ Plaintiff also urges us to reconsider the trial court's findings of fact. The evidence presented questions that were for the trier of facts to decide. It

was necessary to measure Parker's conduct in the circumstances against the reasonable man test. We are no more entitled to overrule the trial court's findings, when supported by evidence, than if the case had been decided by a jury. *Leonard v. King,* 1929, 128 Or 216, 274 P 116. The evidence does support the trial court's finding that no negligence was established.

Affirmed.