Argued January 8, affirmed January 29, 1965

# MARTIN v. CLINTON
### 398 P. 2d 742

*R. Alan McEachern,* Portland, argued the cause for appellant. With him on the brief was Donald K. Robertson and Robertson & Wills, Portland.

*Paul R. Biggs,* Oregon City, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is an action brought by a real estate broker to recover a commission claimed to have been earned in procuring a purchaser for defendant's restaurant. The case was tried without a jury. Plaintiff appeals from a judgment in favor of defendant.

■ Under a written contract executed by the parties, defendant agreed to pay plaintiff a commission for finding a buyer "ready and willing to enter into a deal for said price and terms, or such other terms and price as I may accept." We construe this language as an agreement to procure a purchaser ready, willing and *able* to purchase the property offered for sale.

The only question on appeal is whether there was sufficient evidence to support the trial court's finding that the prospective purchasers procured by defendant were not financially able to pay the purchase price, which was $52,000 of which $10,000 was to be paid down and the balance to be paid in installments. The trial court found as follows:

"That the said Klapperiches were not ready, willing and able to purchase the property of the defendant at the terms prescribed by the seller in that the Klapperiches did not have the experience or knowledge and primarily the financial ability to purchase the property upon the terms of the seller, in that the said Henry J. Klapperich was indebted to the extent that there were several unpaid judgments against him; that he had not sufficient cap-

ital to sustain the payments as required under the seller's terms and that he himself did not feel he could meet the requirements of the proposed terms of the contract."

■■ There was sufficient evidence to support the foregoing finding. Plaintiff must show that the proposed purchasers had the ability not only to make the down payment but the installment payments as well.[1] There was evidence from which the trial court could have reasonably concluded that the prospective purchasers would not be able to make the deferred payments. There was a reasonable doubt as to whether the purchasers would be able to make the installment payments out of the operation of the restaurant and there was also reason to believe that if the purchasers could not make the payments from that source they might not be able to borrow money to meet the installments.

The judgment is affirmed.

---

[1] Reynor v. Mackrill, 181 Ia 210, 164 NW 335, 1 ALR 523 (1917).