Argued December 6, 1971, affirmed February 2, 1972

# WARD COOK, INC., *Respondent, v.*
## B-OK, INC., *Appellant.*
### 493 P2d 136

*William E. Hurley,* Portland, argued the cause for appellant. With him on the briefs were Bernard, Hurley, Hodges & Kneeland, Portland.

*Michael J. Walsh,* Portland, argued the cause for respondent. With him on the brief were Shuler, Rankin, Myers, Walsh & Ragen and Gile R. Downes, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The trial court, sitting without a jury, entered a judgment for the plaintiff for its claimed real estate sales commission. The defendant seller of the property appeals. The defendant contends that the plaintiff is not entitled to a commission because it did not fully perform its obligations as a broker.

The defendant signed a listing agreement authorizing the plaintiff to sell the defendant's one-half inter-

est in a parcel of commercial property. Plaintiff procured a prospective purchaser who signed several earnest money receipts containing offers to buy. Defendant contends that none of the offers complied with the terms specified by the defendant in the listing agreement. Immediately after rejecting the final offer procured by the plaintiff, the defendant sold to a third party.

The trial court found that the plaintiff had performed all the conditions precedent to earning its fee.

The final earnest money receipt stated that the seller was to make sidewalk repairs which had been demanded by the city. The repairs amounted to $400. This obligation to repair was not assumed by the seller in the listing agreement. The trial court found, however, that the defendant's attorney orally agreed with the plaintiff and the prospective purchaser, the offeror, that the defendant would make those repairs. There was evidence that the defendant's attorney was authorized by the defendant to make such an agreement.

■ Defendant contends that even if the defendant's agent did make such an oral agreement, such agreement was void because of the Statute of Frauds. ORS 41.580(7) provides:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(7) An agreement authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission; but if the note or memorandum of the agreement is in writing and subscribed by the party to be charged, or by his lawfully authorized agent, and contains a description of the property sufficient for identification, and authorizes or employs the agent or broker to sell the property, and expresses with reasonable certainty the amount of the commission or compensation to be paid, the agreement shall not be void for failure to state a consideration."

This statute only requires that the writing contain a description of the property, an authorization to sell and the amount of the commission. It does not require that a term, such as the seller agreeing to repair the sidewalk, be in writing. See cases cited in note 2, *Norris, Beggs & Simpson v. Eastgate Theatres,* 261 Or 56, 491 P2d 1018, 1022 (1971).

■ The defendant contends the plaintiff did not perform because the offer of the prospective purchaser included the purchase of trade fixtures and plaintiff knew the defendant and its tenant had an agreement that the tenant could retain the trade fixtures.

The listing agreement provided that no personal property was to be included in the sale. A printed portion of the earnest money receipt included in the sale those general types of fixtures which are considered real property. After the plaintiff had submitted the final earnest money receipt the defendant for the first time stated it could not accept the offer because it included the purchase of fixtures which, while normally part of the realty, were, because of the agreement of the defendant and its tenant, personal property and remained property of the tenant.

There is ample evidence in the record that neither the plaintiff nor the offeror knew of this agreement between the defendant and its tenant until after the final offer, and that in any event, the offeror did not contemplate purchasing those fixtures which the defendant and the tenant intended to remain the property of the tenant.

■ The trial court found the plaintiff had produced a buyer financially able to perform. Defendant contends no evidence supports this finding. We hold that there was evidence.

The price offered was $22,500. A banker testified that the offeror had assets of $290,000 in May, the time of his final offer. At various times in the last three years the bank had loaned the offeror a total of $100,-000, both in the form of secured and unsecured loans. The banker also testified that he personally had orally agreed with the offeror to acquire one-half of the offeror's interest and to advance all of the purchase price if the offeror could not obtain it elsewhere. The banker had $140,000 assets at the time of the offer.

The defendant relies upon *DeHarpport v. Green*, 215 Or 281, 333 P2d 900 (1959). That decision is inapposite. There, the trial court held that the prospective buyer was not shown to be financially able to complete the purchase. We held that there was evidence to support such finding. We stated:

> "Ability to purchase is not shown when a proposed purchaser is depending upon third parties who are in nowise shown to be bound or willing to be bound to furnish the money for the purpose of making the purchase. * * *" 215 Or at 284.

In the present case there was evidence from which the trial court could find that the offeror was person-

ally able to pay the price and, if necessary, the banker also was able and "willing to be bound to furnish the money * * *."

■ The defendant lastly contends that the plaintiff has not fully performed because even if the defendant had accepted the terms of the offer to purchase, the offeror could later refuse to purchase and forfeit the earnest money, $500, an amount less than the commission.

■ When a sale is aborted by the seller's refusal to accept an offer made in accordance with the listing agreement, the broker has fulfilled its obligation when it has produced a ready, willing and able buyer. *Setser v. Commonwealth, Inc.,* 256 Or 11, 23, 470 P2d 142 (1970). It is not necessary that a binding contract to purchase be consummated.

Affirmed.