Argued December 4, affirmed December 31, 1974

RED CARPET REAL ESTATE OF ALOHA, INC.,
*Respondent, v.* HUYGENS, *Appellant.*

530 P2d 46

*Derryck H. Dittman,* Tigard, argued the cause for

appellant. With him on the brief were Anderson, Dittman & Anderson, Tigard.

*Stuart O. Kendall,* Lake Oswego, argued the cause for respondent. With him on the brief were Kendall & Gerstein, Lake Oswego.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

SLOPER, J. (Pro Tempore)

This is an action at law brought by plaintiff, Red Carpet Real Estate of Aloha, for a commission allegedly earned pursuant to an earnest money agreement. The earnest money agreement was executed by Fredric B. Andrianoff and Barbara L. Andrianoff, husband and wife, as purchasers, and defendant as seller. Defendant admitted the execution of the earnest money agreement and for an affirmative answer and defense alleged that through no fault of defendant the sale was never closed and no commission was earned by plaintiff. Plaintiff filed a reply denying defendant's affirmative defense. The case was tried to the court without a jury and defendant appeals from the judgment in favor of plaintiff.

Defendant's sole assignment of error is that the trial court erred in holding as a matter of law that plaintiff had earned a commission when it produced a buyer and procured a conditional agreement to buy, even though that condition was never fulfilled and the buyer refused to proceed. The defendant contends that there was no substantial evidence that the failure of consummation of the contract resulted from

any act of seller or refusal of the seller to complete the sale.

■ Mr. Kenneth A. Coe, a real estate broker and president of the plaintiff corporation, along with others, developed a subdivision in Washington County known as Augusta Meadows. Lot 8 of Augusta Meadows was sold by Mr. Coe to defendant who at all times relevant was a building contractor engaged in the construction and sale of residential homes. Defendant, through plaintiff, in turn, sold Lot 8 and a house to be built thereon, for the sum of $19,200, to Barbara L. Scutero, at that time a single woman, and who later became Mrs. Fredric B. Andrianoff. On March 31, 1972, Barbara Scutero executed the earnest money agreement wherein she agreed to purchase a home to be built on Lot 8 by defendant. The agreement of March 31, 1972, was subject to the condition that the buyer "apply for and obtain an F. H. A. sec 235 loan." Section 235 loan was for low or limited income persons. After some difficulty, a commitment for an FHA insured 235 loan was obtained and construction of the home was started in the early fall of 1972. The house was to be completed in early December 1972 and although it was not completed, the buyer went into possession in December.

Barbara Scutero and Fredric B. Andrianoff were married on December 15, 1972, and additional work was done on the home while the Andrianoffs were on a honeymoon. The house was substantially completed by late December 1972, but had not had a final FHA inspection and approval. One effect of the marriage of the Andrianoffs was to make the former Barbara Scutero ineligible for the FHA 235 loan.

A new earnest money contract was prepared conditioned on the buyers, the Andrianoffs, obtaining a suitable FHA loan. This earnest money agreement was executed by the Andrianoffs on January 17, 1973, and by defendant on January 26, 1973. It superseded the prior sale agreement and is the basis for this action. Pursuant to the new earnest money agreement, the buyers applied for a new loan as husband and wife and the application was approved and a commitment from the lending agency obtained on February 16, 1973. The earnest money contract also provided that possession by the buyers was to commence "upon closing," although, in fact, at the time of the execution of the agreement the buyers were and had been for a substantial period of time already in possession. The earnest money was also subject to the following "special condition":

"Drain tile installation, foundation drain, & FHA grading to be completed on or before April 1, 1973 after which, if not completed, this contract is null & void."

The drain tile installation, foundation drain and grading were not completed by seller by April 1, 1973, and on the basis of the afore-quoted clause, the Andrianoffs, by registered letter, advised defendant that the earnest money agreement was null and void and vacated the premises. Defendant contended that he could not complete the required work by April 1, 1973, because of inclement weather conditions, and because it could not be completed, he was willing to have sufficient funds retained in escrow to guarantee completion although he did not so advise the escrow agent. There was testimony that other contractors in the same development completed tiling and grading during this same period of time.

Defendant also demanded that the purchasers reimburse him for his financing costs during the period of time they were in possession from the date of the earnest money agreement until time of closing. The amount of the demand is in dispute but not that demand was made. The buyers were not obligated by the earnest money agreement to pay any such sum and refused the demand.

Defendant listed the property for sale shortly after and Andrianoffs vacated the premises and the premises were resold in about six weeks for a selling price of $21,300.

The general rule regarding recovery of a realtor's commission is appropriately stated in *Ellsworth Dobbs, Inc. v. Johnson,* 50 NJ 528, 236 A2d 843, 30 ALR3d 1370 (1967). That case is cited as a leading case on the subject and quoted by this court in *Brown v. Grimm,* 258 Or 55, 60-61, 481 P2d 63 (1971), as follows:

> " ' "* * * In reason and in justice it must be said that the duty to produce a purchaser able in the financial sense to complete the purchase at the time fixed is an incident of the broker's business; so too, with regard to any other material condition of the agreement to purchase which is to be performed at the closing. In a practical world, the true test of a willing buyer is not met when he signs an agreement to purchase; it is demonstrated at the time of closing of title, and if he unjustifiably refuses or is unable financially to perform *then,* the broker has not produced a willing buyer" ' 50 NJ at 548

"The court then laid down the following rule:

> " ' "* * * When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces

a purchaser ready, willing and able to buy on the terms fixed by the owner, (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract. If the contract is not consummated because of lack of financial ability of the buyer to perform or because of any other default of his, * * * there is no right to commission against the seller. *On the other hand, if the failure of completion of the contract results from the wrongful act or interference of the seller, the broker's claim is valid and must be paid.* In short, in the absence of default by the seller, the broker's right to commission against the seller comes into existence only when his buyer performs in accordance with the contract of sale." ' " (Emphasis added.)

■■ Applying the foregoing rule of law to the facts of this case, we discern that plaintiff is not entitled to a commission unless and until the purchaser has completed the transaction in accordance with the terms of the earnest money agreement, unless the failure to complete results from the wrongful act of the seller. If, however, the sale fails because of the actions of seller, the broker has fulfilled its obligation when it has produced a ready, willing and able buyer. It is not necessary that the sale be consummated. *Ward Cook, Inc. v. B-OK, Inc.,* 261 Or 227, 232, 493 P2d 136 (1972).

There was no request for special findings of fact and the court simply entered judgment in favor of plaintiff and against defendant. There was conflicting evidence concerning the failure of defendant to timely complete the construction in accordance with the "special conditions" of the earnest money agreement as noted above. The evidence was such that the trial court could have reasonably concluded that the trans-

action was not consummated because of seller's wrong-ful failure to complete the construction as agreed.

We conclude under the scope of our review of this law action that there is substantial competent evidence to support the judgment of the trial court.

Affirmed.