Argued June 10, affirmed July 29, 1976

# FREBERG, *Respondent,*
## *v.*
# CALDERWOOD, *Appellant.*

552 P2d 545

[ 647 ]

*Robert C. Millikan,* Roseburg, argued the cause for appellant. On the brief was James C. Farrell, P.C., Roseburg.

*Fred Bernau,* of Bernau & Wilson, Roseburg, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and McAllister, Tongue and Howell, Justices.

PER CURIAM.

## PER CURIAM.

This is an action on a promissory note, with a counterclaim for a real estate broker's commission. The case was tried before the court, sitting without a jury. The trial court entered judgment in favor of plaintiff on the principal action and also on the counterclaim, based upon findings that defendant had breached his fiduciary duty as a real estate broker, thereby forfeiting his right to a commission. Defendant appeals. We affirm.

Defendant's sole contention on this appeal is that

"* * * [T]he trial court was in error in holding that defendant breached his fiduciary duty to plaintiff and therefore is not entitled to commission that would otherwise be due on the sale of plaintiff's property."

Because of direct conflicts in the testimony we must bear in mind that in determining whether there was sufficient evidence to support the findings of the trial court in favor of the plaintiff all conflicts in the testimony must be resolved in his favor and he is also entitled to the benefit of all inferences which may be reasonably drawn from such evidence. *Cronn v. Fisher,* 245 Or 407, 416, 422 P2d 276 (1966).

We have reviewed the testimony and hold that the findings and the decision by the trial court were supported by substantial evidence. Because the trial judge prepared a written opinion reviewing the evidence and stating the basis for his decision, with which we agree, it would serve no useful purpose to summarize the somewhat lengthy testimony in detail.

In essence, we find that there was evidence to support findings by the trial court as follows: Defendant, a real estate broker in Roseburg, had a listing for the sale of real property belonging to plaintiff, a resident of Florida. Defendant received a written offer for the purchase of that property from his own partner and mailed that offer to plaintiff. Before that written offer was received by plaintiff defendant learned of another

possible offer by a third party, a Mrs Siegel, who was then told by defendant that it was too late to make an offer because the property had already been sold. A better written offer to purchase the property was then made by Mrs. Siegel and mailed by her to plaintiff. Mrs. Siegel also offered $5,000 to defendant's partner for his interest in his offer to purchase the property. That $5,000 offer was refused and she was told that defendant's partner had already bought the property. That $5,000 offer was "probably mentioned" to defendant by his partner.

Even if defendant did not know of that offer of $5,000 or that plaintiff could get more for his property by selling it to Mrs. Siegel than by accepting the offer of defendant's partner, the trial court could properly find that those facts must have been known by defendant's partner and were thus imputed to defendant.[1] Neither defendant nor his partner informed plaintiff of such facts. Plaintiff only learned of the offer by Mrs. Siegel as the result of a telephone call from her to his wife. On that occasion Mrs. Siegel told plaintiff's wife that a written offer was in the mail and asked that plaintiff wait until it was received before making a decision. At that time plaintiff had received the written offer from defendant's partner, but had not yet received the better written offer from Mrs. Siegel, which he later accepted.

Although much of the foregoing testimony was contrary to testimony by the defendant, who also testified that plaintiff had "verbally accepted" the offer by his partner, the trial court was not required to believe his testimony.

On this state of the record we agree with the trial court in holding that defendant failed to satisfy the burden of proof imposed upon him as a real estate broker under the rule stated by this court in *Parker v. Faust,* 222 Or 526, 353 P2d 550 (1960), to show that he

---

[1] *See Sisk v. McPartland, Zelle,* 267 Or 116, 120, 515 P2d 179 (1973). *Cf. Great American Ins. v. General Ins.,* 257 Or 62, 69-70, 475 P2d 415 (1970).

had performed his fiduciary duty to plaintiff to make a full disclosure of all material information concerning the prospective sale of plaintiff's property. It follows that defendant was not entitled to demand payment of a commission on that sale.

Affirmed.