### NICHOLSON,
*Appellant,*

*v.*

### HARDWICK et al,
*Respondents.*

(No. 78-1008-L-2, CA 15249)

615 P2d 406

Leon Simson, Portland, argued the cause for appellant. With him on the briefs was Kell, Alterman & Runstein, Portland.

Hugh B. Collins, Medford, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff, a real estate broker, brought this action to recover a commission allegedly due him from defendants. The trial court, sitting without a jury, entered judgment for defendants, and plaintiff appeals. We affirm.

Defendants are the shareholders of a corportion which operates a motel in Medford, Oregon. In 1977, they hired plaintiff to act as the broker in connection with the sale of the motel. In late June of that year, defendants received an offer from prospective purchasers whom plaintiff had found. On July 28, defendants made a counteroffer, in the form of an earnest money agreement and addenda, which was accepted by the prospective purchasers. Under the counteroffer, the purchasers were to pay defendant $900,000 plus interest, and were to pay plaintiff a commission of $50,000. The deferred balance of the purchase price was to be reduced by the amount of the commission. The counteroffer made the consummation of the sale subject to two conditions: first, defendants' "getting suitable financing or refinancing of contract";[1] and second, the counteroffer being approved by defendants' accountant. The sale was not completed pursuant to the counteroffer.[2]

The defendant Cecelia Hardwick testified, generally, that defendants did not obtain suitable financing. Plaintiff argues that all of the other evidence, including the testimony of bank officers and of Mrs. Hardwick's codefendant, was contrary to her

---

[1] Defendants wished to use the contract of sale as collateral to obtain funding for the development of a resort facility in Montana.

[2] Subsequently, a new earnest money agreement was entered into, under which plaintiff was to receive a $25,000 commission. However, the defendants and the prospective purchasers failed to consummate a sale under that later earnest money agreement as well as the July 28 agreement. The later agreement and the way in which it was pleaded and presented are the subject of a number of arguments by the parties, which we need not reach in light of the basis for our decision.

testimony. Plaintiff argues that, therefore, her testimony was not credible, that the trial court erred in finding that "the evidence is in conflict as to why the parties were never able to execute a sales agreement satisfactory to the buyer and seller," that the evidence "establishes that the defendants' refusal to close was unjustified," and that plaintiff was entitled to a $50,000 commission under the July 28 counteroffer. Plaintiff relies on *Red Carpet Real Estate v. Huygens,* 270 Or 860, 530 P2d 46 (1974), where the court stated:

> "* * *[P]laintiff is not entitled to a commission unless and until the purchaser has completed the transaction in accordance with the terms of the earnest money agreement, unless the failure to complete results from the wrongful act of the seller. If, however, the sale fails because of the actions of seller, the broker has fulfilled its obligation when it has produced a ready, willing and able buyer. It is not necessary that the sale be consummated. * * *" 270 Or at 865.

We do not agree that the testimony of Mrs. Hardwick could not be believed by the trier of fact or that that testimony was insufficient to support a finding that the parties' failure to complete the sale resulted from something other than defendants' wrongful acts.[3] Nothing plaintiff calls to our attention demonstrates that the differences between Mrs. Hardwick's testimony and the other evidence regarding the availability of financing amounted to anything more than alternative versions of the facts, which the trial court resolved in favor of defendants. No authority cited by plaintiff or known to us persuades us that this case comes within any exception to the rule that findings of fact which are supported by substantial evidence cannot be disturbed on appeal. ORS 41.260; *Foxton v. Woodmansee,* 236 Or 271, 287, 386 P2d 659, 388 P2d 275 (1963).

Affirmed.

[3] There was conflict in the testimony of the witnesses as to whether plaintiff or defendants or both were responsible for procuring the financing, and as to what kind of financing (short-term or long-term) was available and was contemplated by the counteroffer.