On appellant's reconsideration filed September 17, reconsideration allowed, former opinion withdrawn and judgment affirmed (47 Or App 851, 615 P2d 406) November 17, 1980, reconsideration denied January 29, petition for review denied March 24, 1981 (290 Or 652)

## NICHOLSON,
*Appellant,*

*v.*

## HARDWICK et al,
*Respondents.*

## (No. 78-1008-L-2, CA 15249)

619 P2d 925

Leon Simson, and Kell, Alterman & Runstein, Portland, for petition.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this action by a real estate broker to recover a commission allegedly owed him by defendant sellers, we affirmed the trial court's judgment for defendants. *Nicholson v. Hardwick,* 47 Or App 851, 615 P2d 406 (1980). We concluded there was a conflict in the evidence regarding whether the failure of the contemplated sale to be consummated was the fault of the sellers. We held the conflict was resolved in favor of defendants. Plaintiff petitioned for review in the Supreme Court, and under Rule 10.10, Rules of Appellate Procedure, the case is automatically before us as a petition for reconsideration.

In his petition, plaintiff states:

"The Court of Appeals erred in stating that the trial court had resolved a conflict in the evidence in favor of defendants, and in affirming the trial court on that basis. The trial court merely noted the existence of such conflict, which it did not resolve because it based its decision on another ground."

We agree that the decisional basis of our former opinion was in error and accordingly that opinion is withdrawn. It is necessary to discuss plaintiff's claims of error which we previously concluded need not be discussed.

Defendants are the shareholders of Hardwick - Howard Inc., a corporation which owns and operates a motel in Medford, Oregon. In 1977, they discussed the sale of the motel with plaintiff who is a real estate broker. In late June of 1977, defendants received an offer from prospective purchasers whom plaintiff had located. The offer was not accepted by defendants and on July 28, 1977, they made a counteroffer in the form of an earnest money agreement. The counteroffer provided for sale of the property for $900,000 with $200,000 down payment and the balance on a contract. The earnest money agreement signed by plaintiff and defendants provided for a commission of $50,000. The sale was contingent on two specific conditions: first, defendants' "getting suitable financing or refinancing of contract";[1] and second, the terms of sale being approved

---

[1] Defendants wished to use the contract of sale as collateral to obtain funds for development of a resort in Montana.

by defendants' accountant. The purchasers accepted the counteroffer but the sale was not consummated.

The evidence is in conflict as to the reasons the sale did not go through. In general, defendants presented evidence that they were unable to obtain suitable long term financing, and that plaintiff had agreed to obtain financing for them but had not. Plaintiff, in general, presented evidence that there was financing that would meet defendants' needs from several sources and that defendants had not made an effort in that regard.

In any event, by October, 1977, all the parties to the earnest money agreement acknowledged the transaction would not close. On October 20, 1977, defendants, after discussions with plaintiff, proposed a new offer set out in an earnest money agreement. This offer was based on a sale of the corporate stock to the purchasers with a down payment and the balance on an installment contract. Plaintiff and defendant Hardwick signed the portion of the earnest money agreement which provided for a commission of $25,000.[2]

Plaintiff alleged in his complaint that he had produced buyers ready, willing and able to perform pursuant to the first earnest money agreement and that defendants had refused without just cause to complete the sale. Defendants answered, generally denying the allegations of the complaint. On the day of trial defendants moved for leave to file a second amended answer. The court allowed the motion over plaintiff's objection. The second amended answer alleged an additional affirmative defense based on the second earnest money agreement. The answer alleged the second earnest money agreement and incorporated the document as an exhibit to the answer. The answer then alleged:

> "That by his signature contained on Exhibit 'A', Plaintiff abandoned the earnest money receipt executed on June 28, 1977, and any rights thereunder, including any commission that he might have been entitled to thereunder."

___

[2] This offer was not accepted by the prospective buyers and the sale did not go through. Plaintiff makes no claim for a commission under the second agreement.

Following a trial to the court without a jury, the trial court issued an "Opinion and Findings." The court found that there was a conflict in the evidence as to why the sale was not completed pursuant to the first earnest money agreement. The court specifically did not resolve the conflicts but found in favor of defendants on their affirmative defense respecting the second earnest money agreement.

"It is this Court's opinion, and the Court so finds, that the original agreement between the parties, Exhibit 6, was abandoned when the parties executed the new agreement (Exhibit B). The agreement was a contract for a commission which was materially changed by the new agreement, and it reduced the commission from $50,000., to $25,000. A contract is discharged by a new contract that alters the terms of the original agreement; *Associated Oil Co. v. La Branch,* 139 Or 410 (1932).

"It is clear, from the evidence, that the new Earnest Money Agreement was entered into by the mutual consent of the defendant Hardwick and the plaintiff. An agreement, when changed by the mutual consent of the parties, becomes a new agreement which replaces the old agreement; *Marnon v. Vaughan Motor Co., Inc.,* 184 Or 103 (1948)."

Plaintiff contends the court erred in allowing defendants to file an amended answer on the day of trial. In a related assignment plaintiff contends the court erred in overruling his continuing objection to any evidence offered by defendants pursuant to the affirmative defense on the ground the answer should not have been accepted.

Plaintiff objected to the filing of the amended answer on the ground defendants were aware of the second earnest money agreement for some period of time and that, although plaintiff was aware of the agreement, he was not prepared to defend on that issue. Plaintiff did not request a continuance.

Plaintiff concedes that trial courts have broad discretion to allow filing of amended pleadings, but contends the court abused its discretion in this instance. There was no dispute that the second earnest money agreement had been signed by both parties and little dispute as to the timing and circumstances of its execution. The issue

involved the legal significance of the second agreement vis-a-vis plaintiff's rights under the first agreement. Following presentation of all the evidence, the court continued the case for "30 or 40 days" to allow each party to present briefs, principally on the issue posed by defendants' affirmative defense.

Although the amended answer raised a new issue, it does not appear plaintiff was hampered in meeting the factual issues posed by the defense or presenting legal arguments in opposition. Under these circumstances we conclude the court did not abuse its discretion in accepting the amended answer. It follows that the evidence offered to establish the pleaded defense was properly received.

Plaintiff next contends the court erred in finding the parties abandoned the commission agreement created by the first earnest money agreement when they executed the second earnest money agreement. Under this assignment, plaintiff makes three contentions. He argues abandonment is the unilateral act of one party to an agreement in refusing to perform his part of the bargain. He contends he had fully performed his obligations under the first earnest money agreement and therefore could not have abandoned it. He argues that because he had fully performed under the first agreement he was entitled to the agreed upon commission.

His second argument is that the trial court, although using the term "abandoned," in essence ruled the second agreement discharged the parties obligations on the first because it rescinded or superseded the first agreement. If this was the basis of the trial court's ruling, plaintiff contends these particular defenses were not pleaded. We discuss these two arguments together.

It is true, as plaintiff contends, that the term abandonment as it relates to promissory liability, has generally been used to describe a unilateral act of one party ceasing performance of his contractual obligations. Clearly that is not what occurred in this case. Although defendants used the term "abandoned" in their affirmative defense, the gravamen of that defense was that under the second earnest money agreement, defendants were not entitled to

enforce the provision for a commission of $50,000 contained in the first agreement. The colloquy between court and counsel indicates the parties and the court were considering the legal significance of the second agreement relative to plaintiff's entitlement to a commission pursuant to the first agreement. The affirmative defense, as pleaded, adequately informed plaintiff of the issues involved.

■■  When parties to a contract execute a subsequent agreement respecting the same matter and the second contract is inconsistent in some of its terms with the first, the second agreement is deemed to have superseded the prior contract. *Dorsey et ux. v. Tisby et ux.,* 192 Or 163, 234 P2d 557 (1951); *Associated Oil Co. v. La Branch,* 139 Or 410, 10 P2d 597 (1932); *Fogdall v. Lewis & Clark,* 38 Or App 541, 590 P2d 775 (1979); *Marnon v. Vaughan Motor Co., Inc.,* 184 Or 103, 194 P2d 992 (1948). As the trial court found, the parties entered into a mutual agreement respecting a commission in the second earnest money agreement which was inconsistent with the terms of the earlier agreement. The obligations of the parties under the earlier agreement were discharged by the superseding contract.

■  Plaintiff essentially agrees with the legal principle regarding superseding contracts, but in his third argument under the assignment contends the second agreement is not a contract because there was no consideration. This argument is based on the contention that plaintiff had fully performed his obligations under the first agreement by producing a buyer ready, willing and able to complete the purchase on defendants' terms. Because, he argues, he had fully performed and the sale was frustrated without good cause by the defendants, he was entitled to the agreed upon commission of $50,000. Plaintiff contends that under that situation defendants owed him $50,000 and no consideration passed from defendants to him as consideration for the new agreement to pay only $25,000 for his services.

The Supreme Court in *Dorsey et ux. v. Tisby et ux., supra,* and we in *Fogdall v. Lewis & Clark, supra,* discussed the requirements of consideration for a superseding contract. In *Dorsey,* plaintiff sellers and defendant buyers signed an earnest money agreement for the sale of real property which provided certain terms of payment. They

subsequently executed a formal contract which contained a variation in the payment terms. When defendants defaulted on the payment terms as expressed in the formal contract, plaintiffs sought foreclosure. Defendants conceded they were in default of the terms of the formal contract but argued they were not in default of the payment terms of the prior earnest money agreement. They further argued the formal contract was void for lack of consideration as they had given up the more favorable terms of the earnest money agreement without *quid pro quo* from the plaintiffs. The Supreme Court rejected this argument by colorful analogy:

> "A substituted contract, or a novation, in which the sole participants are the parties to the original agreement or obligation not only creates a new agreement or obligation, but also rescinds the former one. It is not unlike the emergence of a butterfly from a chrysalis. It is the two-fold character of the transaction, that is, the rescission and substitution, which constitutes the supporting consideration for both phases of the transaction. * * *" 192 Or at 173.

In *Fogdall* plaintiff claimed compensation for the rank of tenured professor which he asserted was embodied in an agreement with defendant. Defendant argued, *inter alia,* that a subsequent, superseding contract provided for the rank and pay of a non-tenured associate professor. Plaintiff countered with the argument, similar to that made here, that there was no consideration for his agreement to accept the lower rank and pay in the subsequent agreement. We rejected plaintiff's argument on two grounds relevant to this case. We first held there was consideration for the second mutual agreement in plaintiff's promise to perform services as an associate professor in exchange for the attendant salary. As an alternate basis for consideration, we said when one bilateral agreement is mutually substituted for another the consideration lies in the mutual relinquishment of rights under the prior agreement.

The rationales of *Dorsey* and *Fogdall* are applicable to this case. Plaintiff agreed to perform services toward selling the stock of the corporation in exchange for a commission of $25,000. Thus, the second agreement was

supported by consideration. At the time the second agreement was signed by both parties, all persons concerned with the initial transaction embodied in the first earnest money agreement had acknowledged that transaction would not be completed. There was a substantial question whether plaintiff would be entitled to the commission of $50,000 specified in the first commission agreement. In this factual context, the second agreement relinquished rights under the first and superseded that earlier agreement. We conclude that plaintiff is not entitled to enforce the provisions of the first agreement respecting the payment of a commission.

Because we affirm the trial court's judgment on the basis that the first agreement was superseded, we need not discuss plaintiff's final contention respecting the conflict in the evidence regarding the first agreement. Plaintiff's petition for reconsideration is allowed. Our former opinion is withdrawn, and the judgment of the trial court is affirmed.

Reconsideration allowed; former opinion withdrawn and judgment affirmed.