Argued and submitted January 11, affirmed July 6, reconsideration denied August 19, petition for review denied September 27, 1983 (295 Or 730)

## SEARS, ROEBUCK & COMPANY,
### *Appellant,*

*v.*

## MONTGOMERY ELEVATOR COMPANY,
### *Respondent.*

### (A7902 00828; CA A23627)

665 P2d 1265

Jeffrey M. Batchelor, Portland, argued the cause for appellant. With him on the briefs were Robert E. Maloney, Jr., Donald H. Pyle, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Michael A. Lehner, Portland, argued the cause for respondent. On the brief were Margaret H. Leek Leiberan, and Mitchell, Lang & Smith, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

A boy was injured in plaintiff's store when he caught his foot between the moving stairs and the stationary side wall of a moving escalator that had been manufactured and installed by defendant. Plaintiff and defendant each paid $15,000 to settle the action for damages brought against them by the boy. Plaintiff then brought this action for indemnity on the basis of a provision in the contract by which defendant agreed to build and install the escalator. Defendant counterclaimed for the same relief on the basis of a provision in a subsequent agreement for maintenance of the escalator. On cross-motions for summary judgment, the trial court granted defendant's motion and entered judgment for defendant. Plaintiff appeals. We affirm.

■ The issue is not which party is to blame for the accident, but who has agreed to be responsible for the damages.[1] Both contracts contained indemnity provisions. No extrinsic evidence was presented as to the interpretation of either contract. We conclude that provisions of the maintenance contract supersede inconsistent provisions of the installation contract.[2] *Nicholson v. Hardwick,* 49 Or App 169, 175, 619 P2d 925 (1980), *rev den* 290 Or 652 (1981). The maintenance contract included the following paragraph:

> "Nothing in this agreement shall be construed to mean that [defendant] assume[s] any liability for damages or otherwise on account of accidents to persons or property * * * *except those directly due to the negligence of Montgomery Elevator Company.* You shall be solely responsible for supervising the use of the equipment and you shall provide whatever attendant personnel, warning signs and other controls and cautions that may be required or desirable to insure safe operation. *You shall at all times be solely liable for the operation of the equipment and you shall indemnify, protect and save harmless Montgomery Elevator Company and its affilates from and against liabilities, losses and claims of any kind or nature*

[1] Plaintiff's third amended complaint included a cause of action for common law indemnity, but plaintiff does not press that theory on appeal.

[2] Defendant attaches some weight to the merger clause of the maintenance contract. That clause, however, by its own terms superseded only those prior agreements that relate to "the service described," *i.e.,* maintenance work. It has no bearing, therefore, on the prior agreement relating to manufacturing or installation deficiencies.

*imposed on, incurred by, or asserted against Montgomery Elevator Company or its affiliates arising out of the operation of the equipment.* You hereby waive any and all rights of subrogation, arising as a matter of law or otherwise which you might hereafter have against Montgomery Elevator Company or its affiliates." (Emphasis supplied.)

The maintenance contract also required plaintiff to maintain comprehensive insurance covering bodily injury and property damage "caused by the ownership, use or operation of the equipment described herein" and to have defendant named as an additional insured. Finally, a merger clause provided:

"The proposal, and the acceptance thereof, shall constitute, exclusively and entirely, the Agreement *for the service described,* and all prior representations of agreements *relating thereto,* whether written or verbal, shall be deemed to be merged herein * * *." (Emphasis supplied.)

The accident involved here occurred while the maintenance contract was in effect.

■      By its terms, *plaintiff* is required to indemnify *defendant* for claims "arising out of the operation of the equipment." The provision is to be read in the context of the entire contract. The requirement that plaintiff insure against accidents, naming defendant as an additional insured party,[3] strongly indicates that the parties intended that plaintiff's indemnity responsibility include most claims for injury or damage. The clause requires that the insurance cover injuries caused not only by the "operation" of the equipment, but also by its "use" or by its "ownership." A provision in an indemnity agreement that requires the indemnitor to carry liability insurance is evidence of the intent of the parties as to the scope of the indemnity obligation. *Waggoner v. Oregon Auto. Ins. Co.,* 270 Or 93, 97-98, 526 P2d 578 (1974). The waiver by plaintiff of "any and all" subrogation rights "arising as a matter of law or otherwise" also supports a broad reading of the indemnity language. We construe it to cover accidents resulting from operation of the elevator and from circumstances beyond the control of either party, superseding any inconsistent provision of the installation contract.

---

[3] Evidently plaintiff failed to carry such insurance. Defendant argues that, because this breach of contract by itself directly resulted in defendant's having to defend the original lawsuit and ultimately to pay the settlement sum, plaintiff is now liable to defendant for the amounts so expended. Because we dispose of the case on other grounds, we need not address this contention.

■ However, the indemnity obligation of plaintiff was subject to a limitation. The first sentence of the indemnity paragraph exempted defendant from liability for accidents, "except those directly due to the negligence of" defendant. Although it is less than clear that this sentence affirmatively imposed on *defendant* the duty to indemnify *plaintiff*, it at least created an exception to plaintiff's duty to indemnify for losses caused by defendant's negligence. Generally, indemnity contracts are construed against coverage of losses caused by the indemnitee's own negligence. *Southern Pac. Co. v. Layman,* 173 Or 275, 279, 145 P2d 295 (1944); *Cook v. Southern Pac. Transp. Co.,* 50 Or App 547, 623 P2d 1125 (1981). The negligence referred to in the maintenance contract, however, covers only defendant's negligence in performing the work contracted for, *i.e.,* in maintaining the escalator.

We hold that the maintenance contract's indemnity clause imposed upon plaintiff a duty to indemnify defendant for losses from accidents occurring on the escalator, excepting only those accidents caused by defendant's negligence in maintaining the escalator.

■ Finally, we examine the allegations of plaintiff's third amended complaint, along with the evidence adduced in support of the respective motions for summary judgment, to determine whether undisputed facts create a present duty of plaintiff to indemnify defendant, as the trial court concluded. The contract imposes on plaintiff the duty to indemnify defendants for all accidents occurring on the escalator, other than those due to defendant's negligence. We find nothing in the pleadings or record that would support a finding that the accident involved was a result of defendant's negligence in any respect. The evidence plaintiff points to either involves defendant's failure to warn (expressly made plaintiff's responsibility under the maintenance contract), failure to take certain safety precautions such as stiffening the escalator skirts or coating them with silicone spray (actions which are either safety "controls and cautions" under the maintenance contract or design inadequacies not a part of maintenance nor covered by the maintenance contract). Finding that there is no genuine issue as to any material fact, we conclude that the trial court was correct in granting summary judgment for defendant.

Affirmed.