Argued June 30, affirmed September 10, 1964

REIMANN ET UX *v.* BRENT ET UX
395 P. 2d 284

*Charles H. S. Howe,* Salem, argued the cause for appellants. On the brief were McKinney & Churchill, Salem.

*Richard D. Barber,* Salem, argued the cause for respondents. With him on the brief were DeArmond and Sherman, Salem.

Before MCALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is a suit to foreclose a land-sale contract. The purchasers appeal from a decree which will foreclose their interest in a house and lot unless, within four months of the date of the decree, the purchasers pay for the property according to the terms of their contract.

The vendor was the builder of the house. After going into possession in August, 1961, the purchasers discovered various defects in the house and lot. As they were discovered, these defects were reported to the vendor. The vendor made certain repairs. By May, 1962, there remained certain uncorrected defects. In July, 1962, the purchasers notified the vendor that they would make no more installment payments until all the defects were remedied. After payments had fallen some seven months in arrears, the vendor brought this suit.

For the purposes of this appeal, we will assume that the house was defectively constructed. The defects were of the latent rather than of the patent variety; e.g., the septic tank did not drain properly.

The purchasers answered the vendor's suit with a counter-claim seeking to rescind the contract because of the misrepresentation of a material fact upon which the purchaser relied in entering into the contract.

The misrepresentation is alleged to lie in a state-

ment made by the vendor through his real estate agent. The agent represented to the purchasers that the vendor would remedy any defects in construction which should appear within one year from the date of sale.

The purchasers contend that the agent's representation was false, and constituted a form of fraud, because at the time he made the promise (by his agent), the vendor did not intend to make such repairs.

The record establishes that the vendor's agent made some type of promise to the purchasers. The record would also support a finding that the vendor broke the promise. It is manifest that certain structural defects appeared during the one-year period mentioned, and that some of these defects have not been remedied to the purchaser's satisfaction. On these facts, it appears that the vendor was bound by his agent to an oral contract, and that the vendor may have breached the contract. However, it does not follow that there is any fraud or misrepresentation in this case.

■ A mere failure to perform a contract is not necessarily a fraud. *Conzelmann v. N. W. P. & D. Prod. Co.,* 190 Or 332, 351, 225 P2d 757 (1950). As is stated by Professor Pomeroy, "* * * otherwise every breach of contract would amount to fraud." 3 Pomeroy, Equity Jurisprudence 434, 436-437, § 877-c (5th ed, Symons, 1941).

■ The promise made by the vendor's agent in this case was no more than a promise that the vendor would do something in the future. We assume, since there was no issue on this point, that the agent had authority to bind the vendor to the promise. There is no evidence, however, that at the time the promise was made the vendor intended not to perform it. See *Sharkey v. Burlingame Co.,* 131 Or 185, 282 P 546 (1929).

There is not even circumstantial evidence of such an intent. On the contrary, the evidence shows that the vendor intended to perform. He attempted to put the house in order, and in some particulars he succeded. However, he wearied of his performance before he had satisfied his purchaser.

Conduct by the vendor in this case was, as noted, a possible breach of contract, and as such might give rise to damages at law, or perhaps to some relief in equity. We need not decide in this case what other remedies, if any, might be available to the purchasers. There was no fraud or misrepresentation.

Since the purchasers elected to rely exclusively upon their theory of misrepresentation as grounds for rescission, and since they wholly failed to prove a misrepresentation, there is no reason to disturb the decree that was entered in the trial court.

Affirmed; costs to neither party.