Argued and submitted April 10, affirmed on appeal and on cross-appeal
October 25, 1989, reconsideration allowed by opinion April 4, 1990
See 101 Or App 216 (1990)

## TRAN et al,
### dba Lan-Loi Construction,
*Appellants - Cross-Respondents,*

*v.*

## TEHRANI,
*Respondent - Cross-Appellant.*

### (85-0628C; CA A48206)

781 P2d 393

Gregory Kafoury, Portland, argued the cause and filed the briefs for appellants - cross-respondents.

James R. Cartwright, Portland, argued the cause and filed the briefs for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal from a judgment notwithstanding the verdict, ORCP 63, after a jury had awarded them $73,346.68 damages, including punitive damages of $67,500, on a claim for fraud arising out of a construction contract. The basis of plaintiffs' fraud claim is that defendant promised, but did not intend, to perform the contract when he entered into it.[1] Defendant cross-appeals, asserting that, if we reverse, we should hold that the court erred in certain evidentiary rulings. We affirm on the appeal and on the cross-appeal.

Plaintiffs made two claims, one for breach of contract and one for fraud. The parties agreed to try the contract claim to the court and the fraud claim to a jury. After the jury found for plaintiffs on the fraud claim, the court ruled for defendant on the contract claim and gave defendant a judgment *n.o.v.* on the fraud claim.

From the evidence, the jury could have found these facts: Plaintiffs are partners in a small construction business. Defendant hired plaintiffs to build a foundation for his commercial building. The parties signed a construction contract that included specifications for approximately 67 cubic yards of concrete at $120 per cubic yard. The specifications also provided that the footings should be one foot thick and rest on undisturbed soil.

Organic fill from an earlier building project of defendant underlay part of the site. When the parties signed the contract, defendant knew about the fill but plaintiffs did not.[2] Plaintiffs discovered the organic fill after they began excavation. The county inspector then ordered excavation to continue until plaintiffs reached undisturbed soil. Because additional excavation was necessary, defendant wished to add

---

[1] Plaintiffs alleged:

"At the time of agreeing to said contract, defendant falsely represented to plaintiffs that he would pay such sums as were due on the contract as set forth in the contract. At that time and place, defendant knew that his representations were false, in that he knew that he had no intention of fulfilling his part of the contract."

They do not allege fraud on any other basis.

[2] Plaintiffs do not assert lack of disclosure as fraud.

a basement to the building. The parties modified the construction contract to add a new set of building plans and specifications that provided for concrete basement walls with footings one foot thick and that called for a total of 110 to 112 cubic yards of concrete. After removing all of the organic fill, however, plaintiffs had excavated a hole that was deeper and wider than necessary for the basement walls and footings. With defendant's approval, plaintiffs filled the entire excavation with concrete rather than filling the remaining excavation with compacted crushed rock.

Defendant made the contractual progress payments. He also paid plaintiffs $500 to cover the cost of removing the wooden concrete forms and replacing them after the additional excavation. When plaintiffs presented defendant with a statement for 139 cubic yards of concrete, however, he refused to pay it and offered to pay for only 111 yards.

Plaintiffs argue that the court was wrong on both of the grounds on which it rested its judgment *n.o.v.*: (1) that there was inconsistency between the court's finding that defendant did not breach the contract and the jury's verdict for plaintiffs on the fraud claim, which must have included a finding that defendant did breach the contract; and (2) that there was no evidence to support the jury's verdict.

In reviewing a judgment notwithstanding the verdict, we view the evidence in the light most favorable to the party having the verdict. *See Brown v. J. C. Penney Co.,* 297 Or 695, 705, 688 P2d 811 (1984). To establish fraud, a plaintiff must prove that the defendant intended not to perform the contract when the parties entered into it. *See Lawrence v. Underwood,* 81 Or App 533, 537, 726 P2d 1189 (1986), citing *Reimann v. Brent,* 238 Or 415, 395 P2d 284 (1964).

> "Fraud can never be predicated upon a promise to do something in the future unless it is alleged and proved that, at the time of the making of the promise, there was no present intention of performance or, alternatively, that the promise was made with reckless disregard as to whether the promissor could or could not perform." *Webb v. Clark,* 274 Or 387, 393 n 2, 546 P2d 1078 (1976).

We may not infer an intent not to perform from the mere fact of nonperformance. There must be other evidence for inferring intent. *Conzelmann v. N.W.P. & D. Prod. Co.,* 190 Or 332,

352, 225 P2d 757 (1950); *see also Lawrence v. Underwood, supra,* 81 Or App at 537.

The dispute arose under the modified construction contract that included the new plans and specifications. Accordingly, we review the evidence of defendant's intent at the time of modification. There was no evidence from which the jury could find that defendant did not intend to pay plaintiffs for the amount of concrete called for in the modified contract.

Plaintiffs sought to support an inference of fraudulent intent from evidence of defendant's prior acts.[3] OEC 404(3). The jury could have found that an excavator on the construction job presented his bill, not to defendant, but to defendant's son, who expressed dissatisfaction with the work; the excavator discounted his bill and received payment. The jury could also have found that a second excavator on the construction job, who had worked for defendant before, was always paid less than the amount that he billed. Finally, the jury could have found that defendant consulted with a geotechnical engineer about the soil conditions underlying the footings. The engineer billed defendant for his work, but defendant told him that the bill was plaintiffs' responsibility. Plaintiffs disagreed; the engineer filed a claim against defendant in small claims court and defendant paid the bill in full.

From the evidence of the prior incidents, however, the jury could not infer that defendant had a plan to defraud, *see Karsun v. Kelley,* 258 Or 155, 164, 482 P2d 533 (1971), *quoting* 2 Wigmore on Evidence 202, § 304 (3rd ed), or that he did not intend to perform his modified contract with plaintiffs. Furthermore, there was no other evidence from which a reasonable jury could infer that intent. The court did not err when it entered a judgment for defendant notwithstanding the verdict.[4]

Affirmed on appeal and on cross-appeal.

---

[3] The court admitted evidence of the other acts over defendant's objection. The court's rulings provide the basis for the cross-appeal.

[4] We need not reach the question of whether the court erred when it also granted the judgment *n.o.v.* on grounds of inconsistency between its finding for the defendant on the contract claim and the jury's verdict for plaintiffs on the fraud claim. We also need not specifically discuss further defendant's cross-appeal.