On appellants - cross-respondents' petition for reconsideration filed January 23, reconsideration allowed, former opinion (99 Or App 141, 781 P2d 393) modified and adhered to as modified April 4, petition for review denied August 14, 1990 (310 Or 243)

TRAN et al,
dba Lan-Loi Construction,
*Appellants - Cross-Respondents,*

*v.*

TEHRANI,
*Respondent - Cross-Appellant.*

(85-0628C; CA A48206)

789 P2d 702

Gregory Kafoury, Portland, for petition.

No appearance *contra.*

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

**NEWMAN, J.**

Plaintiffs petition for review of our decision. 99 Or App 141, 781 P2d 393 (1989). We treat the petition as one for reconsideration, ORAP 9.15, allow it, modify the opinion and adhere to it as modified.

In our opinion, we stated:

"The dispute arose under the modified contract that included the new plans and specifications. Accordingly, we review the evidence of defendant's intent at the time of modification." 99 Or App at 145.

Plaintiffs assert that whether defendant's intent was fraudulent must be determined as of the time that he signed the original contract. Accepting plaintiffs' assertion, our conclusion remains the same.

Viewing the evidence in the light most favorable to plaintiffs, defendant knew of the presence of organic fill at the time that he executed the contract and knew that plaintiffs would be obliged to excavate the fill in order to comply with the contract requirement to place footings on undisturbed soil. Even so, the history of the parties' transactions does not support an inference that defendant had a fraudulent intent at the time of contracting. Excavation of the fill would leave a hole. The original contract, however, did not require plaintiffs to fill the hole with concrete. When plaintiffs discovered the fill problem, the parties took the changed circumstances into account and adopted a new set of plans that included a basement. The new plans did not require that plaintiffs fill the hole with concrete, although the footings would be in the hole.

After the foundation was poured, defendant offered to pay plaintiffs for an amount of concrete roughly equivalent to the amount called for by the new set of plans. The parties' disagreement centers on payment for the concrete that the parties agreed to pour into the hole. There is no evidence from which a jury could find that at the time defendant signed the original contract he knew that plaintiffs would replace all of the organic fill with concrete or that he intended to refuse to pay more than the amount needed for a one-foot footing on undisturbed soil. A jury could not find that defendant could have foreseen at the time of contracting that the particular disagreement would occur.

Plaintiffs assert that the evidence concerning defendant's dealings with other contractors on the site creates a jury question as to defendant's intent. Plaintiffs fail to note the *full* sentence in our opinion:

"From the evidence of prior incidents, * * * the jury could not infer that defendant had a plan to defraud, *see Karsun v. Kelley,* 258 Or 155, 164 (1971), *quoting* 2 Wigmore on Evidence, 202 § 304 (3d ed), *or that he did not intend to perform his modified contract with plaintiffs.*" 99 Or App at 145. (Emphasis supplied.)

The jury could infer from the evidence of the incidents with other contractors that, when defendant signed the original contract, he intended to argue with plaintiffs about the amount that he must pay for concrete. The other incidents, however, are sufficiently dissimilar, *see* 2 Wigmore *Evidence* 202, § 302 (3rd ed), that, with the other evidence in the record, there was not sufficient evidence from which the jury could find that defendant intended to defraud plaintiffs at the time that he contracted with them.

Accordingly, the court did not err in granting a judgment notwithstanding the verdict.

Petition for reconsideration allowed; opinion modified and adhered to as modified.