Argued and submitted January 17, on appeal, reversed and remanded for entry of judgment for defendant; affirmed on cross-appeal August 29, reconsideration denied November 28, 1990, petition for review denied February 5, 1991 (311 Or 150)

Gordon HEVERN
and Lily Hevern,
*Respondents - Cross-Appellants,*

*v.*

WALTER E. HELLER WESTERN, INC.,
aka Heller Financial, Inc.,
*Appellant - Cross-Respondent.*

(86-453 CV; CA A48890)

796 P2d 1229

Rene A. Torrado, Jr., Chicago, Illinois, argued the cause for

appellant - cross-respondent. On the briefs were Joseph M. VanLeuven and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Bruce Huffman, Klamath Falls, argued the cause and filed the briefs for respondents - cross-appellants.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In May, 1984, defendant extended financing to Stateline Forest Products, Inc., a lumber company (Stateline). In June, plaintiffs sold logs to Stateline. In late August, Stateline defaulted on its log payments to plaintiffs and later declared bankruptcy. In June, 1986, plaintiffs brought this action for negligence, fraud and outrageous conduct. They claimed that defendant had promised that it would guarantee payment of the amount that Stateline owed plaintiffs for the logs.

The court granted defendant's motions for directed verdicts on the fraud and outrageous conduct claims. It denied defendant's motion for a directed verdict on the negligence claim, and the jury returned a verdict of $160,863.25 in favor of plaintiffs. The court also denied defendant's motion for judgment notwithstanding that verdict. Defendant appeals plaintiffs' judgment on the negligence claim; plaintiffs cross-appeal defendant's judgment on the claims for fraud and outrageous conduct. We reverse on the appeal and affirm on the cross-appeal.

Defendant assigns as error that the court denied its motion to dismiss the action on the ground that it is barred by *res judicata.* In September, 1984, plaintiffs filed a logger's lien against Stateline and an action to foreclose that lien. To protect its security interest in Stateline's lumber, defendant intervened in that action. In support of its motion, defendant argues that that action bars plaintiffs' claims here, because they could have asserted them in that proceeding.

Although a plaintiff must attempt to have all claims against a defendant adjudicated in one court in one proceeding when the claims arise from the same transaction, *Rennie v. Freeway Transport,* 294 Or 319, 324, 656 P2d 919 (1982), the defendants were not the same in the actions, and the claims did not arise from the same transaction. The foreclosure action arose from Stateline's failure to pay plaintiffs for the logs, not from defendant's failure to honor a guarantee of payment. The court did not err in denying defendant's motion to dismiss. *See Western Baptist Mission v. Griggs,* 248 Or 204, 433 P2d 252 (1967).

Defendant also assigns as errors that the court denied

its motions for directed verdict and for judgment notwithstanding the verdict on the negligence claim. We interpret its argument to be, in substance, that plaintiffs' complaint fails to state a claim.[1] Defendant's position is that plaintiffs sought damages on a claim for breach of an oral promise of defendant to guarantee payment of the debt of Stateline, that that oral promise is subject to the Statute of Frauds[2] and that, to avoid it, plaintiffs have simply tried to allege a claim for negligent misrepresentation.[3] Plaintiffs respond that defendant's promise was not subject to the Statute of Frauds and did not need to be in writing, because it was an original promise to pay Stateline's debt. *See Eilertsen v. Weber,* 198 Or 1, 255 P2d 150 (1953). They assert that, despite receiving an original promise, they "chose" to plead a negligence claim, and they also contend that they presented both a negligence claim and a contract claim to the jury.

■        We need not determine whether the alleged promise was one to guarantee another's debt and, therefore, subject to the Statute of Frauds. Plaintiffs did not plead a contract claim. They tried to plead a negligence claim, but failed. Plaintiffs alleged, among other things, that plaintiff Gordon Hevern contacted defendant knowing that it was the creditor and primary lender for Stateline, that "knowing that Plaintiff[s] would rely on said representation, [defendant] represented to Plaintiff[s] that [it] * * * would guarantee payment for the logs if sold to Stateline." Plaintiffs alleged that defendant did not honor the guarantee and that defendant had been negligent in:

---

[1] Plaintiffs contend that defendant failed to preserve this argument. We do not agree.

[2] ORS 41.580 provides, in pertinent part:

"(1) In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by the lawfully authorized agent of the party; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *

"(b) An agreement to answer for the debt * * * of another."

[3] Defendant also argues that the tort of negligent misrepresentation has not been recognized in Oregon, *see Duyck v. Tualatin Valley Irrigation Dist.,* 304 Or 151, 742 P2d 1176 (1987), or that plaintiffs' evidence failed to meet the elements of that tort. Plaintiffs argue that their negligence claim was not for negligent misrepresentation. Because of our decision, we need not decide whether a negligent misrepresentation is actionable or whether plaintiffs correctly pled and proved it.

"1.  Failing to use due care in the answers given to Plaintiff[s] as to their truth or accuracy.

"2.  Failing to be knowledgeable on company policy prohibiting guaranteeing payment to Plaintiff[s] in selling their logs to Defendant's debtor, Stateline Forest Products, Inc.

"3.  Failing to inform Plaintiff[s] about defendant's company policy prohibiting guaranteeing payment to Plaintiff[s] in selling their logs to Defendant's debtor, Stateline Forest Products, Inc.

"4.  Failing to use due care in documenting their oral guarantee to Plaintiff[s]."

Plaintiffs do not specify any negligent conduct of defendant that could have caused them harm. Whether defendant used due care to know about, implement or inform concerning company policy regarding guarantees, whether its agent acted against company policy or whether it documented the promise could not have caused harm to plaintiffs. If defendant caused damage to plaintiffs, it was because defendant failed to pay on a guarantee that it allegedly made. Plaintiffs, however, did not seek to recover for that failure to perform. The court erred when it denied defendant's motions for directed verdict at the close of the evidence and for judgment notwithstanding the verdict.

■■  In their cross-appeal, plaintiffs argue that, if the judgment on the negligence claim is reversed, they are entitled to a new trial, because the court erred in granting defendant's motion for directed verdict on their fraud claim. To show fraud, plaintiffs had to show that, at the time that defendant made the promise, it had no intention of performing it or that it made the promise with reckless disregard for whether it could perform it. *See Webb v. Clark,* 274 Or 387, 393 n 2, 546 P2d 1078 (1976). A jury cannot infer intent or reckless disregard from mere nonperformance of a promise. It must be shown by other circumstances, *Pelletier v. Pelletier,* 29 Or App 717, 565 P2d 388 (1977), and evidence of intent must be clear and convincing. *Riley Hill General Contractor v. Tandy Corp.,* 303 Or 390, 737 P2d 595 (1987); *Bausch v. Myers,* 273 Or 376, 379, 541 P2d 817 (1975).

■■  As evidence of defendant's intent, plaintiffs submitted the complaint and the settlement of another log supplier's

action against defendant.[4] Plaintiffs argue that that evidence shows defendant's intention not to perform. It is evidence, however, only that an unrelated party in an unrelated situation made allegations against defendant and that a settlement was reached.[5] It does not show that defendant engaged in a pattern of making promises and then disregarding them. *See Tran v. Tehrani,* 99 Or App 141, 781 P2d 393 (1989), *on reconsideration,* 101 Or App 216, 789 P2d 702, *rev den* 310 Or 243 (1990).

■　　Plaintiffs also argue that defendant was a knowledgeable lender, that it had a policy of documenting guarantees and that its failure to document the agreement here shows that it never intended to perform. We do not agree that a failure to memorialize an agreement that defendant denies that it ever made is clear and convincing evidence of its having an intention not to perform it. The court did not err when it directed a verdict in favor of defendant on plaintiffs' fraud claim.

■　　Plaintiffs also assign as error that the court withdrew the outrageous conduct claim from the jury. Plaintiffs realleged the factual allegations of their fraud claim and added the additional conclusory statement that "[d]efendant's conduct was outrageous in the extreme." They failed to plead or prove any conduct that was an extraordinary transgression of the bounds of socially tolerable conduct. *See Lewis v. Oregon Beauty Supply Co.,* 302 Or 616, 626, 733 P2d 430 (1987); *Patton v. J. C. Penney Co.,* 301 Or 117, 719 P2d 854 (1986). Because we hold that the court did not err in withdrawing plaintiffs' claim for outrageous conduct from the jury, we need not discuss plaintiffs' further assignment that the court erred when it refused to allow certain testimony that they assert was relevant to that claim.

■　　Plaintiffs' final assignment is that the court erred when it denied their request for the production of documents that were "formal claims" against defendant for breaches of

---

[4] The log supplier's complaint did not allege, as the complaint does here, that defendant had guaranteed payment.

[5] Plaintiffs also argue that defendant's intent is shown by its failure immediately to investigate the allegations of their complaint. Defendant's method of investigation and trial preparation have no bearing on what it intended when it made the alleged guarantee.

guarantees or misrepresentation respecting oral or written guarantees from and after 1983. The court did not abuse its discretion.

On appeal, reversed and remanded for entry of judgment for defendant; affirmed on cross-appeal.